Parker, C. J.,
delivered the opinion of the Court. The attachment made by Bell, being prior in point of time to the other, the title of the defendant, which is derived under it, must prevail, if that attachment was valid. It is contended, on the part of the plaintiff, that it was not valid, because the officer did not enter the pew, or come in sight of it, or even enter the meeting-house. He came, however, to the meeting-house, which he found shut and locked. He did, in fact, all that was in his power ; and no negligence can be attributed to him. Shall the plaintiff, who came * afterwards, and who was fortunate enough to procure the key, supersede him ?
It must be observed, that the attachment of real estate upon mesne process is, with us, almost entirely symbolical. The tenant is never dispossessed by it. The officer may go upon the land in the dead of night, attach the land, and return his precept; and, without any act of notoriety whatever, and, indeed, with the writ in the officer’s pocket until the return day, a lien is created in favor of the attaching creditor. Nay, more, if he never sets foot upon the land, but makes a return that he has attached it, there seems to be no means of ques- • tioning the fact.
In the case agreed in this action, it is stated to be the custom in the town of Boston, among officers who attach pews, to go into the pew, or at least to go within sight of it. It is not easy to perceive why a view of it through the window' should not be as effectual as from a distant part of the meeting-house within doors ; or, if viewing it through the window would be sufficient, why seeing it at all should be necessary. Enough was done by Bell to make his attach *109 ment good ; and, if- it were set aside to make way for the other, because the meeting-house was locked, it would be in the power of the sexton, or other person having possession of the key, to determine which of a number of struggling creditors should have the advantage.
It has been doubted, whether it is at any time necessary for an officer, who attaches real estate, to make an entry upon it. In the county of Essex, for thirty years past, under the advice of very eminent practitioners, we understand that officers have returned such attachments, while sitting at home, or in the attorney’s office. Whether this practice is regular or not, we do not now say; although, when it is considered how little ceremony or notoriety is required, and how difficult it is to ascertain whether an entry has been made or not, perhaps no advantage can be derived from an actual pedis possessio of the officer.
It may, indeed, be questionable, whether it would be * useful, upon the whole, that public notice should be given, whenever an attachment is made. The reasons, which have prevailed with the legislature to refuse to require notice, at the registry office, of attachments, would be equally strong against any act of notoriety by the sheriff.

Plaintiff nonsuit