JAMES RODGERS, Appellant, *v.* JAMES BONNER et al., Respondents.

To constitute a levy upon real estate under an attachment, nothing more is required to be done by the officer, than some act with intent to make the property liable to the process. This will constitute a seizure, and create a lien against the debtor, and all claiming under him by title subsequently acquired, except *bona fide* purchasers and encumbrancers.

Where a levy is made upon real estate, under an attachment, it is not necessary that the officer making the levy, should leave with the person in possession a certified copy of the warrant of attachment.

A judgment lien is not an encumbrance within the meaning of section 132 of

the Code. A judgment is not a specific lien upon any specific real estate of the judgment debtor, but a general lien upon all his real estate; subject to all prior liens, either legal or equitable, irrespective of any knowledge of the judgment creditor as to the existence of such liens.

(Argued April 6th; and decided April 18th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court in the fifth judicial district, affirming a judgment for the defendants upon the report of a referee.

This action was commenced for the purpose (1) of having a conveyance by the defendant, Bonner, to his wife, declared void as against the plaintiff's judgments, (2) of establishing the priority of the lien of the plaintiff's judgments upon said property conveyed, and for the payment of the proceeds of the sale thereof, in the hands of the sheriff, to the plaintiff to apply on these judgments; and (3) to restrain the sheriff from making a return to certain attachments, declaring a levy by virtue thereof, upon certain real estate, on the 26th of November, 1866. At this date, Crouse & Co., commenced actions against Bonner, and procured from MORGAN, J., two warrants of attachment against said Bonner. On the same day, in the afternoon, the sheriff proceeded to the house occupied by Bonner, for the purpose of attaching Bonner's books, and while there, without asserting any claim under the attachments, made a minute of the numbers of the houses and lots, upon a loose piece of paper. The next morning (7 A. M.) his clerk indorsed on the attachment the following: " County of Onondaga, ss: I have executed the within writ by attaching all the property of the defendant to be found in my county, and making and filing an inventory and appraisal thereof in due form, and taking possession of such property. On the same day, November 27th, 1866, at 9 o'clock, A. M., the plaintiffs perfected and docketed their judgments against Bonner. Executions were issued, and returned unsatisfied before the commencement of this action. Notices of *lis pendens* in the attachment suits were filed in the Onondaga county clerk's office, April 9th, 1867. May 28th, 1867, the lot belonging to Bonner was sold by the sheriff on an execution, on a judgment in favor

of one Pelton, against Bonner, and bid off by Crouse & Co., leaving a balance of between $1,300 and $1,500, after satisfying the Pelton judgment, to be applied on the plaintiff's, or Crouse & Co.'s judgment, according as either should be entitled by priority of lien, the plaintiff by reason of his judgments, docketed November 27th, or the defendants, Crouse & Co., by virtue of the attachments issued on the 26th. No copy of the attachments or inventories were served upon Bonner.

*W. Porter*, for the appellant. The attachments did not become a lien until a seizure or levy under them. (*Buckhardt* v. *McClellan*, 15 Abb., 243, note.) In some of the States, it is held that in order to constitute a levy upon either real or personal property, the acts of the officer in relation to it must be such as to place it in *custodia legis*. (*Doe* v. *Taylor*, 13 How., U. S., 287 ; *Massie* v. *Long*, 2 Hammond, R., 287, 290 ; *Allen* v. *Parish*, 3 Hammond, R., 187 ; *Lucas* v. *Doe*, 4 Ala., N. S., 679 ; *Allen* v. *Portland Stage Co.*, 8 Maine, 207.) The doctrine of relation is a fiction and is not allowed to prejudice rights or interests of third parties or strangers. (*Heath* v. *Ross*, 12 John., 140 ; *Jackson* v. *Baird*, 4 John., 230 ; *Price* v. *Hall*, 41 Barb., 141.) The officer should openly claim to seize the land under the attachment. (*Leonard* v. *Vandenburgh*, 8 How., 78.) As to the construction of the statute. (*United States* v. *Fisher*, 2 Cranch., 399 ; 4 Neville & Manning, 426 ; 1 Kent's Com., 519, note *b.*, 8th ed.; *Jackson* v. *Gilchrist*, 15 John., 89.) The omission of the defendants to file notices of *lis pendens*, until after the docketing of plaintiff's judgment, gave the plaintiff's judgment priority. (Code, § 132; Hoffman's Pro. Rem., 427; Thompson's Pro. Rem., 412; *Fitzgerald* v. *Blake*, 28 How., 110; *Leonard* v. *Vandenburgh*, 7 How., 382.) The rule allowing returns of officers to be read in evidence, is based upon their responsibility, for the truth or falsity of such returns. (2 Cow. & Hill's notes, 1035; *Hathaway* v. *Goodrich*, 5 Verm., 65; *Gyfford* v. *Woodgate*, 11 East, 299;

*Davis* v. *Clements*, 2 N. H., 390.) When an officer's certificate becomes a return. (3 Bouv. Inst., 189; 5 Jac. Law Dic., 523.)

*D. Pratt*, for the respondents. What shall constitute a legal seizure of real estate under an attachment must depend upon the practice as established by the courts. (Code, § 232; 2 R. S., p. 4, §§ 7, 8.) It is not necessary that the officer go upon the premises, or make any public proclamation of the seizure. (*Burkhardt* v. *McClellan*, 15 Abb., 243, note; *Perrin* v. *Everett*, 13 Mass., 128; *Grosley* v. *Allen*, 5 Greenl., 455; *Taylor* v. *Mixter*, 11 Pick., 341.) The officer has a reasonable time in which to make the return. (*Greenleaf* v. *Mumford*, 30 How., 30.) The general description that he had attached all the property of the defendant found in the county was a sufficient levy. (Cases *supra*.) The sheriff's return is conclusive in a collateral action. (*Leonard* v. *Vandenburgh*, 7 How., 379, affirmed 8 How., 77; *Perrin* v. *Everett*, 13 Mass., 128; *Evans* v. *Parker*, 26 Wend., 622; *Story* v. *Kelly*, 2 Paige, 418.) The inventory should be filed with the clerk of the court. (*Wood* v. *Chapin*, 3 Kern., 509.)

GROVER, J. An attachment issued in an action pursuant to section 227 of the Code, is not a lien upon the property of the debtor, either real or personal, until the property is levied upon by the officer by virtue of such process. (*Burkhardt* v. *McClellan*, Court of Appeals, March, 1862; 15 Abb., 243, note; *Leonard* v. *Vandenburg*, 8 How., 77.) For the purpose of a levy of an attachment upon real estate, it is not necessary that the officer should go upon or even see the land. (*Burkhardt* v. *McClellan*, *supra*; *Perrin* v. *Everett*, 13 Mass., 128.) As to personal property, the rule is different. As to the latter, to constitute a levy of an execution, the officer must not only have the property in his view, but also within his power; and, in addition, must exercise such dominion over it, as to make him a trespasser except for the protection of his process. (*Camp* v. *Chamberlain*, 5 Denio,

198.) The levy of an attachment requires the same acts. The difference results from the nature of the property. As to personal property, consisting of goods capable of manual delivery, the officer has the right, and, in judgment of law, actually does take it into his possession; while, as to real, he has no right, by virtue of his process, to interfere with the possession in any respect. As to the latter, the debtor cannot be disturbed in his possession by virtue of the attachment, nor can his title be thereby divested; nor can this be done by any proceeding in the action, except by sale upon execution issued upon a judgment recovered therein. Both the statute and the cases are silent as to what particular acts are necessary to constitute the seizure of real estate under an attachment. The Code (section 232), provides that the sheriff shall proceed upon the attachment in all respects in the manner required of him by law in case of attachments against absent debtors; shall make and return an inventory, etc., and keep the property seized by him, or the proceeds of such as may be sold to answer any judgment which may be obtained in the action, etc. It is manifest that the provision as to keeping the property seized has no application as to real estate, for the reason that the officer has no right to interfere with the possession. In respect to absent debtors, the statute (2 R. S., 4, § 7), provides that the sheriff shall immediately attach all the real estate of such debtor, and all his personal estate, etc., which he shall safely keep, to be disposed of as provided by the act. Section 8 provides that he shall immediately, on making such seizure, with the assistance of two disinterested freeholders, make a just and true inventory of all the property so seized, and of the books, vouchers and papers taken into his custody, stating therein the estimated value of the several articles of personal property, and enumerating such of them as are perishable. Then, again, we see an important distinction made between personal and real property seized. The estimated value of the former must be stated in the inventory. No such thing is required as to the latter. This distinction was made for

the reason that possession of personal property was to be taken by the officer, and he made responsible for its safe custody, while he had no right to interfere with the possession of the latter, and was not charged with any responsibility after due service of the process thereon. The officer not being authorized to interfere in any manner with the possession of real estate, the question arises as to the meaning of seizure, as used in the statute. We have already seen from the cases cited *supra*, that the attachment does not become a lien upon real estate before its seizure by the officer. That this seizure is not any interference with the possession, either actual or constructive. The seizure of real estate can therefore require nothing more than the doing of some act by the officer, with intent to make the property liable to the process. This will constitute a seizure and create a lien upon the property against the debtor, and all claiming under him by title subsequently acquired, except *bona fide* purchasers and encumbrancers. The inquiry in the present case is, whether such an act was performed by the sheriff upon the evening of the 26th of November, the appellant's judgment not having been docketed so as to become a lien upon the property until nine o'clock the next day. The judge finds, and his finding is sustained by the evidence, that the sheriff on the receipt of the attachment in question, made a levy upon certain personal property, and then proceeded to the house in question, No. 101 Fayette street, where the defendants Bonner and wife then resided, to look for the books of account of Bonner and Pelton, on which to levy the attachment, but was unable to find them there. That he did not inform Bonner or his wife that he had or should seize the house and lot on the said attachment, but he did, in fact, on that day make a pencil memorandum on a loose piece of paper of said house and lot with the intent to seize the same on said attachment. On the next morning, between seven and eight o'clock, an indorsement was made upon said attachment not signed by the sheriff, by which it was claimed that he had on the 26th day of November, seized upon said attach-

ment all the property of said defendants therein. This indorsement was made by a clerk in the office and was not signed by the sheriff, for the reason that he thought that it was not particular enough in mentioning such seizure, and that it ought to mention the real estate. These were the only acts done before docketing the judgment of the appellants. The inquiry is, whether either or both constituted a seizure of the house and lot in question. I think the memorandum made on the 26th, with the intent to seize the house and lot upon the attachment was sufficient for that purpose, unless real estate comes within section 35 of the Code, requiring a certified copy, etc., to be left with the debtor or person holding the property, which will be hereafter considered. The counsel for the appellant ably argues that this cannot be so, for the reason that the sheriff did not inform Bonner and his wife of his intention to attach the house and lot, and cites in support of his proposition cases relating to a levy upon personal property. But these cases are not analogous for the reasons above stated, namely, that a levy cannot be made upon personal property, without reducing it to the actual or constructive possession of the officer, which is the reason requiring that his act should be notorious. This reason does not apply to a levy upon real estate, the possession of which cannot be interfered with. The failure of the sheriff to inform Bonner and wife, was evidence tending to show that he had no intention to seize the house and lot upon the attachment. But the testimony of the officer, that he made the memorandum with that intent was competent. When the intent with which an act is done is material as to the effect of the act, it is clear that the testimony of the person doing the act, or other testimony tending to show the intent, is competent for that purpose. The judge having passed upon the question, and there being proof to sustain his finding, it is conclusive upon this court. The counsel for the appellant further insists, that assuming a seizure to have been made, the lien thereby created was lost by the failure of the sheriff to return the inventory to the officer issuing the attachment, as required by

the Revised Statutes in cases of attachments against absent debtors. ·The sheriff did in fact return the inventory and appraisal to the clerk of the court in which the action was pending, who filed the same. If the sheriff was not mistaken in this (as to which I express no opinion), it was a mere irregularity in no way prejudicial to the defendants therein or the appellant, and cannot be permitted to prejudice the lien acquired by the respondents, by the seizure of the property. A question is made whether real estate is within section 35 of the Code, requiring the service of an attachment to be made upon property therein specified, by leaving a certified copy of the warrant of attachment with the persons specified in that section. If it is, no lien was created upon the house and lot under the attachment; no such service having ever been made. To determine this question reference should be had to the previous sections. Section 322 provides that the sheriff shall proceed therein in all respects in the manner required of him by law in case of attachment against absent debtors. Sections 7 and 8 (2 R. S.), do not require the service of any copy thereof upon persons in possession of such real estate. Section 234 enacts that the rights or shares which the defendant may have in the stock of any association or corporation, etc., shall be liable to be attached and levied upon and sold to satisfy the judgment and execution. Section 235 provides that the execution of the attachment upon any such rights or shares or any debts, or other property incapable of manual delivery to the sheriff, shall be made by leaving a certified copy of the warrant of attachment with the president, etc., or with the debtor or individual holding such property, with a notice, showing the property levied on. It is obvious that the framers of this section had in view only such property as the sheriff would be required to take possession of, were such possession capable of transfer to him. The possession of real estate might be transferred to him by the owner or occupant, and for this and the further reason that it was not designed to disturb the debtor in the possession of such property, it cannot be held to come within the meaning

of the section. There is a good reason for the service of notice of the levy upon corporations, etc., in which the defendant may own stock or other interest; that is, the prevention of transfers being made. This has no application to real estate, as this may be conveyed discharged of the lien to *bona fide* purchasers unless such conveyance is prevented by filing a *lis pendens* pursuant to section 132 of the Code. The counsel for the appellant further insists that inasmuch as his judgment was docketed before the filing of the *lis pendens* as to the house and lot in question, he is a *bona fide* encumbrancer within the meaning of the section last referred to, and therefore his judgment is a lien prior to the attachment. But a judgment lien is not an encumbrance within the meaning of the section. A judgment is not a specific lien upon any particular real estate of the judgment debtor, but a general lien upon all his real estate, subject to all prior liens, either legal or equitable, irrespective of any knowledge of the judgment creditor as to the existence of such liens. There is no reason for holding that it was the intention of the section under consideration to change the law in this respect. The judgment appealed from must be affirmed with costs.

Chief Judge, ALLEN and ANDREWS, JJ., concur; PECKHAM, J., dissents; FOLGER, J., did not hear the argument; RAPALLO, J., did not vote.

Judgment affirmed.