Sedgwick, J., dissenting.
This opinion will be confined to an examination of the power of the sheriff to seize, or attach property, after judgment, under an i attachment; therefore it should be stated, that it is not clear that the sheriff’s right of action in this case, assuming him to have any, is the same, whether the one thousand seven hundred and forty-nine dollars involved was money capable of manual seizure, or whether it was the amount of an indebtedness. The distinction has not been considered by the referee, and his findings in respect of the character of the property are not consistent. It may be, if the money of Stewart and Bramson remained in specie in the hands of the defendant, that, as they could, after demand, claim at their election the money itself or bring an action on the implied promise, so the sheriff could in some form exercise the same right. It may be, on the other hand, that the sheriff must act definitely one way .or the other at the time of . the levy, which is. the foundation of his cause of action. The form of action to assert one right is entirely different from an action on the other. This is only alluded to to prevent an assumption, that, as it is not here discussed, the conclusion of the referee in respect of it is acceded to. It is here neither affirmed nor denied. There is no language in the chapter of the Code entitled “Attachments,” which specifically declares that an attachment may be served after judgment. There are some provisions in that chapter, which are inconsistent . with a construction that such a service was one of the objects of the statute. There are other and more provisions which do not describe such a function of an attachment, although, if such had been meant, they would, according to the ordinary style of legislative enactments, *468 have led to, and been accompanied by, provisions plainly descriptive of snch meaning.
If the statute meant that an attachment might lay hold of property after as well as before judgment, such a design was of so much importance and yet was so novel, it must be considered that there was an intentional obscurity on the subject. The law cannot make such an imputation upon the legislative department of the State.
By section 227, the plaintiff, “at the time of issuing the summons, or at any time afterwards, may have the property of such defendant, a corporation, attached in the manner hereinafter described as a security for the satisfaction of such judgment as the plaintiff may recover.” This section, in fact, refers to the operation and execution of the warrant after it has been obtained, and the warrant can only operate in the manner in the section described.
The property is to be attached, not to be applied to the satisfaction of the judgment, or not in satisfaction of the judgment, but as a security for the satisfaction of such judgment as the plaintiff may recover, implying that at the time of. the seizure or levy there can be no judgment in existence; that is, no part of property attached can be anything except a security at the time of being attached. Yet, if property could be attached after judgment, it ought to be and would be, something ■ much different from a security. It is not possible that this section meant that a plaintiff might have property attached for a judgment in existence at the time the attachment was levied.
A cause of action merges in the judgment obtained upon it so far as the obligation of the judgment is concerned, and a money judgment is like another.
If property was to be attached for the benefit of a plaintiff after judgment, there is no reason why this should be done in but two classes of cases.
*469 Property can be attached only in an action arising on contract for the recovery of money only, of in an action for the wrongful conversion of personal property. This makes the right to an attachment depend upon, among other things, the present existence of a peculiar cause of action. The section, therefore, does not embrace the contingency of property being attached as a security for the satisfaction of a judgment then already obtained, because in such case the cause of action would have lost its peculiar character by having sunk into the judgment and gone out of being.
This section sufficiently and clearly discloses the reasons for giving this provisional remedy. A defendant who is a non-resident has the power unless so checked to transfer his property in this State before process on a judgment can reach it. A defendant who absconds, or hides himself, or is about to remove his property from this State, or has disposed of it, or is about to, with intent to defraud his creditors, shows a specific intention of obstructing the execution of process on a judgment. This the statute means to prevent. It means to seize and fix the property, so that in case judgment against the defendant is obtained, that property shall be in this State, so situated that the proper processes and proceedings upon the judgment may reach it. This did not make it necessary or expedient .that property should be attached after judgment.
It is clear by section 229 and the other sections, that an attachment can issue only before judgment. If property can be attached after judgment, that is, if the warrant may be put to its practical use and benefit after judgment, why did the statute forbid a plaintiff to obtain it after judgment 1
Section 230 describes the security to be given by the plaintiff in procuring the attachment. It is to the effect that “if the defendant recover judgment,” or the attachment be set aside, the plaintiff will pay certain *470 damages. There is no reference in the section to a possibility of property being seized under the judgment against the defendant, in which case the defendant can sustain no damage by the seizure of his property, and would have no right to have the attachment set aside, since at such a time his property should be used to satisfy a judgment against him.
By section 231 the exigency of this warrant is that the sheriff shall “ attach and safely keep the property of defendant, or so much thereof as may be sufficient to satisfy the plaintiff’s demand, together with costs and expenses, the amount of which must be stated in conformity with the complaint, together with costs and expenses.” That is, the attaching is meant to occur at a time when the only guide the sheriff will have in determining the amount of property he shall take (a very important matter), is a warrant made to correspond with the demand of the complaint. If it was designed that a warrant might be levied after judgment, nothing kept back an expression that in such case the sheriff was to attach property sufficient to satisfy the amount of the judgment. As a general rule, the amount of the judgment, when it differs from the amount demanded by the complaint, is less rather than more. It would be unjust to a defendant that at such time the sheriff should'still seize property to an amount in value that had been fixed ex parte by the plaintiff.
It further appears by section 232, as well as by section 227, that the sheriff, in execution of the warrant, is to “keep the property seized by him, or the proceeds of such as shall have been sold, to answer any judgment which may be obtained in such action.” This makes a strong contrast to a sheriff being also empowered .to seize property after judgment, when it would be his duty, not to keep property or the proceeds of property to answer any judgment which may be obtained, but to at once sell, or at once pay over the proT *471 ceecls of sale upon the judgment that has been obtained.
The case of Schub v. Baldwin, 12 Abb. Pr. 469, shows. by excellent reasoning that section 236 supports the present view.
It must be granted, that the attachment is ordinarily used before judgment, and is for security for an anticipated judgment, and that the execution is put to use always after judgment, and is to enforce a judgment already obtained. In framing a section which would enable the sheriff, in levying an attachment, to obtain the debtor’s property in the hands of third parties, and,' among it, debts due to him, the legislature went beyond the proper or specific subject of the chapter, viz: attachment, and gave the same function to an execution. It is at once seen, that they would not depart from the undoubtedly useful plan they had chosen of keeping different subjects separated from each other, unless by so doing they meant to accomplish something which they could not accomplish by confining the section to attachments only. The conclusion is, that if attachments were intended to be levied after judgment, there was no object in saying anything about executions, and that, in including executions, it was intended to effect something .that was not meant to be effected by attachments. It is as if they had diffusely said attachments may seize the debts due to defendant in the hands' of third parties ; but as this scheme, although it is as just and beneficial after judgment as before, is not applicable through an attachment, which can only be levied before judgment, it is enacted that it can be done under an execution, which is the writ meant to enforce judgments.
Section 237 is framed to direct the sheriff in his disposition of property attached by him in his proceedings as to such property. There are four subdivisions, but these come under a preliminary and general *472 clause of direction. That clause is: “In case judgment be entered for the plaintiff in such action, the sheriff shall satisfy the same out of the property attached by him, if it shall be sufficient for that purpose.” Here is implied, that the attached property is already in the sheriff’s hands at the time the judgment is entered. And it is only to such property that the succeeding four subdivisions apply.
It is not necessary to go minutely over these subdivisions, but all of them speak of the attached property referred to in the opening clause. • Several features of the section will be noticed. Subdivision 3 says, that “if any of the attached property shall have passed out of the hands of the sheriff without having been sold or converted into money, such sheriff shall repossess himself of the same, and, for that purpose, shall have all the authority which he had to seize the property under the attachment.” A deduction from this is, that except for this provision there comes a time when the sheriff loses his power to seize property under the attachment. Such time would be the entry of judgment. The reading is, in case, and when judgment is entered for the plaintiff, if property shall have passed from the sheriff’s hands, he may retake it. There could hardly have been any notion that an attachment was active after judgment. The phrase would have been that the sheriff shall levy again, or something equivalent, instead of the round-about phrase “ he shall have all the authority which .he had to seize the same under the at- _ tachment.” If he had general power to seize after judgment, no such provision would have been made. It would not have been necessary. It cannot be supposed that an exceptional power would be given with care at the expense of throwing doubt upon the existence of a more general power which embraced the exception.
The words of subdivision 4 imply, that an attachment is not to be levied after judgment. Section 333 *473 had given general power to the sheriff to “collect and receive into his possession, all debts, credits and effects of the defendant. The sheriff may also take snch legal proceedings, either in his own name or in the name of snch defendant, as may be necessary for that purpose.” Subdivision 4 does not give a broader power in this regard. If an attachment could have been levied after judgment, this subdivision is useless. Evidently the doubt was, although the sheriff had levied before judgment, that he had power to collect by action, &c. after judgment.
This subdivision, therefore, expressly states that this power continues, in respect of all property legally attached at time of judgment, until the judgment is satisfied.
The statute would have made an omission of moment, if, in case a sheriff had in his hands attached property, it had not provided means by which he should be able to wind up his trust and free himself from responsibility.
Therefore, it provides that under attachment and the execution, the attached property should be turned into money by the sheriff, by sale of property other than evidences of debt, and by collecting by action, the evidences of debt still left in his hands, and choses in action which he could not collect before. To make an end of the matter, it is provided that this remainder may be sold, under an order of the court, in a proceeding particularly described. The court may exercise this power at the expiration of six months from the docketing of the judgment.
The fact that this six months is fixed to begin at the docketing of the judgment, clearly shows that the statute did not know that any part of attached property could be such as might be taken after judgment, otherwise it would have made a provision as to the time through which the sheriff must make diligent *474 efforts to collect such property, before it can be disposed of by peremptory .sale.
For if property can be taken by attachment after judgment the present provision permits the property to be sold, after (it may be) it has been but a few days in the sheriff’s hands.
An examination of some of the qualities of. the processes and proceedings made by law to enforce the judgment, shows that it is incongruous with them that a levy should be made under an attachment after judgment. In this case the fact is that an execution on the judgment was in the bands of the sheriff at the time he levied under the attachment.
• An attachment is not a lien upon property, personal or real, until it is levied (Rogers Bonner, 55 Barb. 9 ; S. C., 45 N. Y. 379). An execution is such a lien as soon as it is issued to the sheriff, except against bona fide purchasers. To levy an attachment after judgment is to annul this operation of an execution. In no part of the statute is such a purpose expressed. •
An execution can be issued within five years after, the docketing'of judgment, and after that it can be issued only by leave of the- court upon motion^ unless an execution has been issued within the five years. If the attachment be used' at all for the purpose of a levy after judgment, there is no limit of time beyond-which it cannot be so used. Yet the rights of the judgment debtor need as much protection from an attachment as from an execution.
By section 290, the execution must be returned within sixty days after its receipt. This is for the protection .of both parties to the action.
One instance of the relation of a return of an execution to the rights of the parties may be considered. The judgment creditor has no right to take certain supplementary proceedings or to bring certain equity actions, until the execution has been returned. The *475 judgmentidebtor has an exemption from these proceedings and these actions, until this return. But if it is supposed that an attachment may do the duty of an execution, there are no corresponding provisions of law as to what effect upon the rights of the judgment creditor and debtor an outstanding attachment has. As to a creditor’s bill, the rule is that the plaintiff-must have exhausted his legal remedies before he applies in equity. If an attachment has been issued then before its return, not only is not the legal remedy of a plaintiff in a creditor’s bill exhausted, but even equitable assets may be reached by it. The warrant (section 248) is to be returned only when it shall be fully executed and discharged. As it is a legal writ, i. it does not provide an equitable remedy, if the law maintained consistency, it would not permit creditor’s bills to reach equitable assets in two classes of actions, being those in which attachments may be issued.
Several instances of the same kind might be given ; but perhaps it is not necessary. One further result will be noticed. After levy, the party through whom debts attached may be collected, is the sheriff, unless the plaintiff give indemnity, &c. This must be after judgment, if the levy can be made after judgment. Many important provisions of law have secured to the plaintiff himself, the sole right to begin and prosecute, irrespective of the sheriff, after execution has been returned, all other proceedings to enforce the judgment, with the exception, of course, of the case of property attached being in the hands of the sheriff at the time of the entering of judgment. But the sheriff has in his power to take from the plaintiff this right, if after judgment all kinds of property may be seized under an attachment after judgment.
Before the Code, it did not enter the mind of any, that an attachment was to be used, except before judgment; Outside of those provisions of the Code, that *476 specifically relate to attachments, the other provisions that relate to execution, viz: section 236 and sections 283, et seq, and to supplementary proceedings, sections 292, et séq. (particularly noticing that portion of the latter which provides for the application of property of the debtor to the satisfaction of the judgment at any time after execution), accomplish all that would be claimed to be beneficial in allowing property to be attached after judgment.
There were, therefore no mischiefs to move the legislature to give a novel effect to an attachment. Especially is there room for great wonder, if, when the legislature considered that it would be well to enforce a judgment by means of an attachment, that they deprive all suitors of this benefit, except such as might be plaintiffs in two classes of actions—one on a contract and one for the wrongful conversion of property.
The result is, that the sheriff never in a legal sense levied the attachment upon the property in question in this action, and never acquired the right to bring an action against the defendants.
Judgment should be reversed, and a new- trial ordered, with costs to defendants -to abide the event.