Andbews, J.
27o attempt was made by the sheriff to levy the attachment in the action against Stewart & Bramson upon their debt against these defendants until after judgment in the attachment suit had been entered.
To attach a debt owing to the defendant in the attachment, the sheriff is required to leave with the debtor a certified copy of the warrant of attachment, together with a notice showing the property levied on. (Code, § 235.)
27o lien is acquired until actual service of the attachment in the manner required by the statute.
The lien is created by the levy and seizure, and the lodgment of the warrant in the hands of the officer is ineffectual of itself to create any charge upon the property of the defendant. (Rodgers v. Bonner, 45 N. Y., 379.)
27either the officer or attaching creditor had acquired any interest in or lien upon the debt, due to Stewart & Bramson at the time the judgment was recovered against them. - The attachment had not then been levied.
The right of a sheriff holding an attachment-to bring an ■ *183 action to recover a debt owing to the defendant depends upon his having acquired a lien upon the debt under the process in his hands.
The action in such case is authorized as an auxiliary remedy, to enable the sheriff to enforce the lien, and to reduce to possession the property attached.
He cannot maintain an action to remove a fraudulent obstruction to the execution of the process, or to subject property to attachment not already held under it. (Lawrence v. Bank of the Republic, 35 N. Y., 320; Thurber v. Blanck, Court of Appeals, Nov., 1872.)*
The power to levy the attachment against the property of Stewart & Bramson did not survive the recovery of the judgment against them. Its power was then spent so far that no new right or interest in the property of the defendants could be acquired under it.
This will appear from a consideration of the provisions of the Code, and the conclusion is in harmony with the general object of attachment laws.
The attachment given by the Code is to be issued “ in an action.” (§ 227.) The plaintiff procuring it is required, within ten days after it is issued, to file the affidavits on which it was granted in the clerk’s office of the county in which the action “ is to be tried.” (§ 229.) He is required before the warrant is issued to execute a bond to the effect that if the defendant “ recover judgment,” etc. (§ 230.)
It is manifest from these provisions that an attachment can only issue before judgment.
By section 227, the attachment is issued “ as a security for the satisfaction of such judgment as the plaintiff may recover.”
By section 231, the warrant must require the sheriff to attach the property of the defendant within his county, or sufficient thereof to satisfy the plaintiff’s demand, which must be stated, “ in conformity with the complaint,” etc.
*184 By section 232, the sheriff is directed to keep the property seized by him, or the proceeds of such as shall have been sold, to answer “ any judgment which may be obtained in such action;”
By section 237, in case judgment is entered for the plaintiff in the action, the sheriff is directed to satisfy the same “ out of the property attached .’by him,” in the manner therein prescribed; and by the third subdivision of this section, special authority is given to reseize, after judgment, property which had been attached, but which had passed from the hands of the sheriff without having been sold or converted into money.
It sufficiently appears from these provisions of the Code, without adverting to others, that an attachment is designed as a preliminary proceeding for the seizure of the debtor’s property, so that it may be held to await the issue of the action, and to secure the payment of the judgment which may be obtained therein by the plaintiff.
That this is the scope and purpose of the remedy by attachment is apparent, also, from the consideration that it can issue only in" cases where, by reason of the non-residence of the defendant or the fraudulent intent of the debtor, there is danger that the final process for the collection of the plaintiff’s demand will be obstructed or rendered ineffectual.
If the attachment can be levied after judgment, the restriction against issuing it after that time would seem to be unnecessary.
The attachment is not discharged by the entry of judgment against the defendant, but is operative thereafter to hold the lien acquired thereby until execution issues, and to enable the sheriff to repossess himself of the property attached which may have passed from his possession, and to collect and convert the equitable assets upon which it has, been levied. (§ 237.)
The remedy for the enforcement of the judgment is by execution, and by proceedings based upon it; and the attach *185 ment continues in force after judgment only for the purpose of giving effect to the lien acquired under it, and existing when the judgment was rendered.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
All concur, Allek-, J., not sitting.
Judgment reversed.

50 N. Y., 80.