# THE UNION DIME SAVINGS INSTITUTION, PLAINTIFF, *v.* WILLIAM E. ANDARIESE, DEFENDANT.

*Sheriff, power of, to sell after the expiration of his term of office — Code of Civil. Procedure, § 184, sub. 4; id., § 186 — chapter 439 of 1876.*

On December 18, 1878, a decree in foreclosure was, in pursuance of chapter 439 of the Laws of 1876, delivered to Albert Daggett, the sheriff of Kings county, with directions to execute it. His term of office expired December 31, 1878. On receiving the decree he advertised the property for sale on January 10, 1879, and on that day sold it in pursuance of such advertisement.

*Held,* that the advertisement of the property was a "seizure" within subdivision 4, of section 184 of the Code of Civil Procedure, and that under section 186 thereof the sheriff was authorized to sell, though his term of office had expired before the day of sale.

CONTROVERSY submitted upon agreed facts, under sections 1279 to 1281 of the Code of Civil Procedure.

On May 27, 1879, plaintiff made an agreement with defendant to sell and convey to him certain real estate, the deed to be delivered June 12, 1879.    By consent the time was extended to June 18, 1879.    On that day plaintiff duly tendered to defendant a deed, and demanded performance.    Defendant refused to perform, upon the ground that plaintiff was not seized of, and could not convey a good title in fee simple of said premises.

The only question was whether, on the 10th day of January, 1879, Albert Daggett, as sheriff of Kings county, had power to sell and convey the premises in question under foreclosure proceedings, in which the order of sale had been made and delivered to him December 18, 1878.    The term of office of said Daggett, as sheriff, expired on December 31, 1878.

*Wm. Henry Arnoux*, for the plaintiff.

*Jos. A. Burr, Jr.*, for the defendant.

BARNARD, P. J. :

By subdivision 4 of section 184 of the Code of Civil Procedure, it is provided, that a sheriff, whose term of office has expired, shall deliver to his successor " all mandates then in his hands, except such as he has fully executed, or has begun to execute by the collection of money thereon, or by a seizure of or levy on money or other property in pursuance thereof."

By chapter 439, Laws of 1876, it is provided that all sales of lands made under a decree of any court, except in actions for partition, and except when the parties agree upon a referee to be appointed by the court, shall be made by the sheriff of the county of Kings.    Albert Daggett was sheriff of Kings county, in December, 1878 ; his office expired on the 31st December, 1878.    On the 18th December, 1878, there were delivered to him three decrees upon foreclosure of mortgage, directing Albert Daggett, sheriff of Kings county, to sell the real estate covered by the decrees.    The sheriff immediately advertised the property for sale on the 10th of January, 1879.    On that day he made the sales, and the plaintiffs bought the property.    The question presented is, whether the sheriff, Daggett, had power to sell.    We think he had.    The advertisement, in obedience to the decrees,

was a seizure within the meaning of section 184 of the Code of Civil Procedure. There need be no entry upon the land by the sheriff, either for a levy under a money execution or to execute a decree of sale in foreclosure. Neither an execution or direction to sell, under decrees in foreclosure, justifies an officer in an interference with the possession of land. In *Rodgers* v. *Bonner* (45 N. Y., 379), the Court of Appeals held that a levy, under an attachment, required nothing further to be done by the officer than some act with intent to make the property liable to the process. That this would constitute a seizure.

In the present case the sheriff immediately subjected the property to the provisions of the decree for its sale. He advertised it as directed, and the seizure, in pursuance thereof, was complete within the meaning of the law. The sheriff was, therefore, under section 186 of the Code of Civil Procedure, bound to complete the sale, and there should be judgment for plaintiffs upon the submitted case, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment for plaintiff on submitted case, with costs.