FRANK BRYANT *vs*. HERBERT E. KNAPP & House and Land.

Piscataquis.    Opinion November 4, 1907.

*Real Estate Attachment.    How made.    Officer's Return of Attachment.*

An attachment of real estate is not made by any acts on the land itself, but solely by the officer writing a return on the writ that he has attached the real estate.

This must be followed by filing in the registry of deeds an attested copy of the return of attachment, etc., as provided by statute, but the attachment is made when the return is written. The return is the attachment and the only attachment.

It is undoubtedly true that the officer's return must state affirmatively that he has attached, but no particular set of words or phrases are required to be employed to accomplish this result. If the affirmative appears from a fair construction of the whole return, it is sufficient.

In the case at bar, the action was against the personal defendant, and also against a "certain dwelling house and the land on which it stands" described in the writ and owned by one Sherburne, who was not a party to the writ, and was brought to enforce the plaintiff's statutory lien on said dwelling house and land. The officer's return on the writ, so far as it related to an attachment of real estate, was as follows:

"Piscataquis, ss: February 8, A. D. 1906. By virtue of this writ, I have attached as the property of the within named defendant, Herbert E. Knapp, all the real estate he owns also all the right title and interest he has to all real estate in said county of Piscataquis and also *to attach* the dwelling house and land on which it stands, owned by Edgar A. Sherburne of said Milo, situated in said Milo Village on the westerly side of a street running southerly from Spring Street (so called) being on the next lot south of the lot owned by C. F. Stanchfield, in Milo Village, and on which said Stanchfield has built a dwelling house; and within five days thereafter have filed an attested copy of my return on this writ so far as relates to the attachment, in the office of the Register of Deeds, for this county, together with the names of the parties in this writ, with the value of the defendants property, which I am hereby commanded to attach, the date of said writ, and the court to which the same is returnable."

"ABIAL E. LEONARD, Deputy Sheriff."

*Held:* That this return constituted a valid attachment of the Sherburne dwelling house and land as real estate.

On exceptions by plaintiff.    Sustained.

Assumpsit on account annexed to recover for building materials furnished by the plaintiff to the defendant, for the erection of a dwelling house built by the defendant, under a contract with one Edgar A. Sherburne, and for which said materials the plaintiff alleged and claimed a lien on said house and the land on which it stands.

Heard at the September term, 1906, of the Supreme Judicial Court, Piscataquis County, at which hearing the presiding Justice ruled as hereinafter stated and the plaintiff excepted as hereinafter stated and his exceptions were allowed.

The case, as stated by the bill of exceptions, is as follows:

"Plaintiff in his writ directed the officer to attach goods or estate of the defendant and also to attach the dwelling house and land on which it stands; owned by Edgar A. Sherburne of said Milo, situated in said Milo Village on the Westerly side of a Street running southerly from Spring Street (so called) being on the next lot south of the lot owned by C. F. Stanchfield in Milo Village and on which said Stanchfield has built a dwelling house.

"The officer returned on said writ

" 'Piscataquis ss:    February 8, A. D. 1906.    By virtue of this writ, I have attached as the property of the within named defendant, Herbert E. Knapp, all the real estate he owns also all the right title and interest he has to all real estate in said county of Piscataquis and also to attach the dwelling house and land on which it stands, owned by Edgar A. Sherburne of said Milo, situated in said Milo Village on the westerly side of a street running southerly from Spring Street (so called) being on the next lot south of the lot owned by C. F. Stanchfield, in Milo Village, and on which said Stanchfield has built a dwelling house; and within five days thereafter have filed an attested copy of my return on this writ so far as relates to the attachment, in the office of the Register of Deeds, for this county, together with the names of the parties in this writ, with the value of the defendants property, which I am hereby commanded to attach, the date of said writ, and the court to which the same is returnable.

'ABIAL E. LEONARD, Deputy Sheriff.'

"The officer also returned

" ' County of Piscataquis Feb. 8, 1906 10 o'clock A. M.

' By virtue of the within writ, I attached the dwelling house, built by Edgar A. Sherburne of said Milo ; situated in said Milo Village, on the westerly side of a Street running southerly from Spring Street (so called) being on the next lot south of the lot owned by C. F. Stanchfield, in Milo Village and on which said Stanchfield has built a dwelling house, same house in which said Sherburne now resides ; to the value of three hundred dollars ($300) under a lien for material furnished in the erection of said house ; by Bryant & Co., under a contract with Herbert E. Knapp within named.

" 'And within five days of said attachment, to wit on the 8th day of Feb. A. D. 1906, I filed in the office of the Clerk of the town of Milo an attested copy of so much of my return on this writ as relates to the above named attachment, with the value of the defendant's property, which I am within commanded to attach, the names of the parties, the date of the writ, that this attachment is for a lien for materials furnished in the erection of said house, and the court to which the same is returnable.

'ABIAL E. LEONARD, Deputy Sheriff.'

"The owner of said house and land at the time of the attachment, Edgar A. Sherburne, voluntarily appeared at the return term and became a party to the suit. At the second term he claimed no valid attachment of said building and land was made within ninety days after the last of the materials sued for were furnished as set forth in the writ. The presiding Justice held that the officer's return on the writ showed no valid attachment of the house and the land on which said house stands as real estate, to which ruling plaintiff excepts and prays that his exceptions may be allowed."

*Geo. W. Howe,* for plaintiff.

*W. A. Johnson,* for Edgar A. Sherburne owner of house and land.

Sitting: Emery, C. J., Whitehouse, Savage, Peabody, Spear, JJ.

Spear, J. The writ in this action was against the personal defendant Knapp, and also against a certain "dwelling house and the land upon which it stands" described in the writ and owned by one Sherburne, who is not a party to the writ. The action was brought to enforce a statutory lien on the dwelling house and land of Sherburne. The question is whether the officer's return upon the writ shows, or rather constitutes, a valid attachment of the Sherburne dwelling house and land as real estate, since any attempt to attach the dwelling house as personal property was and would be nugatory. *Skillin* v. *Moore,* 79 Maine, 554.

An attachment of real estate is not made by any acts on the land itself, but solely by the officer writing a return on the writ that he has attached the real estate. *Perrin* v. *Leverett,* 13 Mass. 128 ; *Crosby* v. *Allyn,* 5 Maine, 453. Of course this must be followed by filing in the registry of deeds an attested copy of the return of attachment, etc., as provided by statute, but the attachment is made when the return is written. The return is the attachment and the only attachment. *Carleton* v. *Ryerson,* 59 Maine, 438 ; *Bessey* v. *Vose,* 73 Maine, 217.

Under these rules of law, it is contended that since the return of the officer that he has attached and that return only, constitutes an attachment, it follows that if he omits to state affirmatively in the return that he has attached, there is no attachment, whatever else he may state.

It seems to us, however, that this contention runs counter to the spirit and the expressed declaration of the law upon this subject as found in our decisions. We think by the return "the intention is sufficiently disclosed by the language used to be clearly discernible." This was all that was required in *Hathaway* v. *Larrabee,* 27 Maine, 451, to render an officer's return, though informally made, effectual.

It is further claimed, however, that the question is not one of intention. We hardly think this rule to be absolute. The case

above cited and the other cases referred to, say otherwise, The intention, to be sure, must be disclosed by the *language used*. It must appear from the return itself. If the language used does not disclose the intention, then of course, we look no further,—we do not go behind the return. But we do have a right to examine every corner of the return to discover its meaning. If by such examination the intention is " clearly discernible " the return is sufficient.

It is also said that the return must state affirmatively that he has attached. This is undoubtedly true, but no particular set of words or phrases are required to be employed to accomplish this result. If the affirmative appears from a fair construction of the whole return it ought to be sufficient, That it was the intention of the officer to attach and that it affirmatively so appears, seems to be · "clearly discernible," from the wording of the return itself.

No other purpose can be inferred from the language. No other subject matter was involved. It would seem, therefore, that the words "to attach" are surplusage, if relied upon to defeat the very object and purpose of the return, and should be so regarded in construing it. They are not words that create any uncertainty as to the parties, as in 27 Maine, supra, or as to the property attached. They do not negative an attachment. They fail to be apt words, when taken alone, to affirmatively express one. But they are not to be read alone. They must be construed in the light of the rest of the return. When so read they should be stricken out as surplusage. Strike them out and the return is clearly correct. We are unable at present to discover how any other inference can be drawn from the use of this language than that of an intended attachment of the dwelling house. Our court have not only said that if the intention is sufficiently disclosed by the language the return is good but that "technical accuracy or the most appropriate phraseology is not to be expected in such returns. They will be sufficient if the purpose is clearly made known by the language used." *Lambard* v. *Pike*, 33 Maine, 142. Also that "it is not easy to imagine a case in which there would be less reason or more

danger in considering language to be used with technical accuracy, than in an officer's return upon a writ. The very idea of doing so almost deprives it of a sober consideration." *Roberts* v. *Bourne*, 23 Maine, 168.

*Exceptions sustained.*