Harold J. Crawford, J.
This is a proceeding brought by a third-party claimant for an order directing the Sheriff of the City of New York to release from levy an account receivable allegedly due from IT. C. Bohack Co., Inc., to the claimant, as assignee of the judgment debtor.
After reading the affidavits submitted by the various parties the court signed an order setting the matter down for a hearing pursuant to sections 687-a and 924 of the Civil Practice Act,
*521 The claimant moved to resettle the order, making said motion returnable at the same time and place as the hearing on the application itself. The court will pass on that motion first.
Claimant contends that the order signed by the court was too broad in scope. The proposed resettled order specified the issues to be tried as follows:
“ I — Did title to the goods in question pass to H. C. Bohack Co., Inc. on October 6 and 7, 1959 ?
“ II — Did title to the debt owed by IT. C. Bohack Co., Inc. for the purchase price pass to Emilie F. Ottavino, assignee, pursuant to an assignment dated June 12, 1958! ”
The order previously signed by the court directed that ‘ ‘ this application ” be set down for a hearing without specifying the issues involved. There is no substantial difference between the orders since the only application before the court, as set forth in the notice which commenced the proceeding, is for an order directing the Sheriff to release the debt from levy. In order to rule on that application, however, the court will have to decide whether there is any debt due from Bohack which could have been levied upon. This, in turn, will depend on whether title to certain goods passed to Bohack or not. The motion to resettle the order is denied.
On October 6, 1959, the judgment creditor Socony obtained a judgment against the debtor for $6,294. On October 8, 1959, execution thereon was issued to the Sheriff of the City of New York, Kings County Division.
On July 3, 1958, the judgment creditor Resina recovered a judgment against the debtor in the sum of $2,484.35. Execution thereon was issued to the Sheriff of the City of New York, Kings County Division, on October 20, 1959.
On October 2,1959, and prior to the issuance of either execution, the debtor offered to sell certain merchandise to Bohack at current wholesale prices less 25% discount “ F. O. B. Bohack’s warehouse ” in Queens County subject to count, inspection and rejection if Bohack found the merchandise to be unmerchantable or not readily salable in the regular course of its business. The debtor stated that it was offering the goods at this price because it had to vacate its warehouse in Greenpoint. Bohack had previously dealt with the debtor and had a high regard for the quality of its merchandise. It had no knowledge that the debtor was in financial difficulties. Bohack, thinldng that it Avas accommodating an old customer, accepted the offer on October 6 or 7, 1959.
The debtor then stated that it had no trucks available to deliver the goods to Bohack and asked if Bohack could arrange *522 to pick up the goods. Bohack pointed out that the terms were “ F.O.B. Bohack’s warehouse,” but agreed to arrange with one of their truckmen to pick up the merchandise at the debtor’s expense. Orders were issued to a trucking company which picked up the merchandise on October 9 and 10 and took it to its own place of business to be delivered to Bohack as soon as its own work schedules and Bohack’s receiving facilities would permit. Three truckloads were eventually delivered to Bohack’s warehouse on October 13,15 and 23,1959.
Up to this point Bohack had no knowledge of any judgments or executions against the debtor. Subsequently the attorney for the judgment creditor Socony telephoned one of Bohack’s buyers and suggested that if payment had not been made it should be withheld pending determination of the rights of the parties. In accordance with that suggestion Bohack has withheld payment and has offered to pay the purchase price to the Sheriff or to any other person who is adjudged by this court to be entitled thereto.
On October 28, 1959, Socony issued a supplemental execution to the Sheriff of the City of New York, Queens County Division, to levy on the debtor’s merchandise at Bohack’s warehouse. Bohack’s attorney notified the Queens Deputy Sheriff that ho would institute a proceeding to vacate the levy, claiming title had passed to Bohack. Having been advised of that claim by the Sheriff, Socony issued a specification under section 687-a of the Civil Practice Act on October 30, 1959, levying on the debt. The Sheriff served a copy thereof on Bohack on the same day.
The question presented by this proceeding is whether the levy made by the Sheriff on October 30, 1959, on the debt due from Bohack to the debtor should be vacated because of the alleged prior assignment by the debtor of its accounts receivable. Before the court can rule on this question it must decide whether there is any debt due from Bohack at all. This, in turn, depends on whether title to the merchandise passed to Bohack since it is not claimed that Bohack was otherwise indebted to the debtor.
The creditors Socony and Resina claim that title did not pass to Bohack, because of a prior levy upon the goods made by the Kings County. Deputy Sheriff on October 9, 1959. They further claim that if title did pass to Bohack, the levy under the specification made on October 30, 1959 is valid and the assignment of accounts receivable to the claimant is invalid for various reasons which will be discussed hereafter.
The claimant Ottavino and the debtor claim that title passed to Bohack, but that the debt due from Bohack belongs to claim *523 ant by virtue of an assignment of accounts receivable executed by the debtor on June 12, 1958.
Bohack contends that it did acquire title and it is willing to pay the stipulated purchase price to whoever the court decides is entitled to it. Bohack is indifferent as to the dispute between the creditors and the debtor and assignee.
Title to specific personal property is transferred to the buyer at such time as the parties to the sale intend it to be transferred (Personal Property Law, § 99). To ascertain such intent we may look to the terms of the contract, the conduct of the parties, the usages of trade and the circumstances of the case. Rule 5 of section 100 of the Personal Property Law provides that where the contract requires the seller to deliver the goods to the buyer or at a particular place or to pay the cost of transportation, title does not pass until the goods have been delivered to the buyer or reached the place agreed upon.
The terms of the sale by the debtor to Bohack required the debtor to deliver the goods to Bohack at its warehouse in Queens County. Under such circumstances title to the goods did not pass until the goods had been delivered to the buyer at its Queens warehouse.
The creditors claim, however, that title could not pass to Bohack upon delivery of the goods because, in the meantime, the Kings County Deputy Sheriff had made a levy on the goods on October 9, 1959.
The execution under Socony’s judgment was filed with the Sheriff on October 8, 1959. The debtor’s goods within the Sheriff’s jurisdiction were bound by the execution from that time (Civ. Prac. Act, § 679), but the title of a purchaser acquired in good faith and without notice of the execution prior to actual levy is not affected by an execution delivered to the Sheriff before the purchase (Civ. Prac. Act, § 683). In the instant case the court finds that Bohack was acting in good faith and without notice of any execution against the debtor. The only question is whether title passed to Bohack prior to an actual levy.
On October 9, 1959, the Kings County Deputy Sheriff called at the debtor’s place of business at about 1:00 p.m., but could not get in because the place was locked. He kicked on the door, but no one answered. He looked through the windows and saw hundreds of cartons, presumably containing merchandise. He did not know how deep they had been stacked, but if there were other cartons behind those which were visible the number of cartons could have been in the thousands. He prepared a notice of levy, folded it and dropped it through a letter chute in the door.
*524 The Sheriff did not return to the premises until October 20, 1959, when he again attempted to levy under an execution issued on the judgment of the creditor Resina which had been filed that day. On October 20, 1959, the Sheriff was able to gain admittance and he learned that most of the debtor’s property had been removed. He made an inventory of what little was left and then went to the premises of the trucking company where he levied on whatever was there, and had it removed to a storage warehouse where it still remains subject to the Sheriff’s orders.
While there is considerable latitude as to what constitutes a levy, the court finds that the acts of the Sheriff on October 9, 1959, fall far short of the minimum required to effect a valid levy.
In Rodgers v. Bonner (45 N. Y. 379, 382) the Court of Appeals said that in respect to personal property “ to constitute a levy of an execution, the officer must not only have the property in his view, but also within his power; and, in addition, must exercise such dominion over it, as to make him a trespasser except for the protection of his process.” Certainly, the Sheriff here could hardly be accused of trespass for dropping a notice of levy through the mail slot.
In the same case, at page 385, the court said that ‘ ‘ a levy cannot be made upon personal property, without reducing it to the actual or constructive possession of the officer ”. The reason for this rule is apparent from the following statement by the Court of Appeals in Hathaway v. Howell (54 N. Y. 97, 109): “ Without such possession or control he cannot make the execution effective in producing means to satisfy the lien. It is requisite that he should be able to expose the goods and chattels to view when they are offered for sale and on the sale of them to deliver them to the purchaser or purchasers.” In the instant case the Sheriff was in no position to make delivery or to exhibit the goods (cf. Civ. Prac. Act, § 695).
Indeed, the Sheriff himself must have entertained doubts as to the effectiveness of his levy of October 9,1959, for on October 20, 1959, upon receipt of an execution on the Resina judgment he again went to the debtor’s place of business. This time he gained admittance and made an inventory. If he had made a valid levy on October 9, 1959, there would have been no need to make another, for one cannot take possession of what he already has in his possession. (See 7 Carmody-Wait, New York Practice, p. 637.)
The court concludes that the acts of the Sheriff on October 9, 1959, did not constitute a valid levy.
*525 The goods were delivered to Bohack on October 13, 15 and 23, 1959. On October 28, 1959, the Queens County Deputy Sheriff attempted to make a levy on the goods at Bohack’s warehouse, but since title had already passed to Bohack upon delivery of the goods, the levy of October 28, 1959 was ineffective. The subsequent levy of October 30, 1959, upon the debt due from Bohack was timely and effective unless the debt had been assigned to the assignee.
The claimant herein is and at the time of the assignment was the sole stockholder of the debtor corporation. On June 12, 1958, the debtor executed an assignment of its accounts receivable to the claimant in consideration of her guarantee of payment of the accounts of some of the debtor’s suppliers: The assignment included all accounts receivable then on the debtor’s books and all accounts receivable to which the debtor “ shall become entitled during such time as this assignment shall be in force and effect ”.
The assignment itself specifies no particular period of time during which it shall be in force, but the three guaranties annexed to the petition, which the claimant states were the consideration for the assignment, recite that the guarantor (the claimant) is “ the principal” of the debtor and desires to keep the company in operation for 90 days ending August 31, 1958, and that the supplier is willing to sell to the debtor only if the claimant guarantees payment for such purchases during the 90-day period. The guarantee then states:z 8 This is a continuing Guaranty for said ninety-day period and shall remain in full force until revoked by the Guarantor by notice in writing to the Supplier, but such revocation shall be effective only as to claims of the Supplier which arise out of transactions entered into after receipt of such notice. ’ ’ The guarantee further states: ‘ ‘ During this ninety-day period the Supplier shall have the right to rely upon this Guaranty and enter into further and additional transactions with Wayne.”
The debts which the claimant has been called upon to pay under the guaranties were incurred by the debtor for goods supplied between August 16, 1959, and September 14, 1959, approximately one year after the expiration of the guaranties. In passing the court notes that the claimant does not claim to have paid any of these demands under the guaranties, but merely that demand has been made upon her.
Claimant’s contention that these were continuing guaranties until revoked cannot be sustained. Those words must be read in their context. They are limited by the words immediately following them. The phrase il This is a continuing Guaranty *526 for said ninety-day period” does not indicate an intention to continue the guarantee "beyond the 90-day period.
The court, therefore, finds that the assignment of accounts receivable expired by its terms on August 31, 1958, and was ineffective with respect to the debt due from Bohack for a purchase made in October, 1959.
It follows that the application to vacate the levy is denied. Bohack is directed to honor the levy on the debt and to pay to the Sheriff of the City of New York whatever sum would have been due to the debtor. In this respect it is noted that Bohack was unable to furnish a certificate of the amount due under section 687-a of the Civil Practice Act, because the judgment creditors not only levied on the debt but also claimed that title had not passed to Bohack. Under such circumstances Bohack understandably took the position that if title had not passed, nothing was due to the debtor. It has offered to furnish a certificate as soon as the court determines the question of title.
Since this court has now determined the question of title Bohack may furnish the certificate and pay the money to the Sheriff within 10 days after service of a copy of the final order hereon. Settle final order.