# J. C. SMITH et al. v. JAMES VICKERY et al., Appellants.

### Division Two, June 20, 1911.

1. **TAX SALE: Deed Reciting Judgment Against Land Only: Corrected Deed.** Where the court house and county records have been destroyed by fire, and the sheriff's deed for taxes made prior thereto recited a judgment against the land only, and twenty-three years after the sale the sheriff made a corrected deed, reciting a judgment against the owner of the land, the recital in the original deed is overcome by the testimony of the sheriff that as *ex officio* collector he prosecuted the tax suit against the owner of the land, as well as the land, and by the testimony of two attorneys to the effect that they saw the sheriff's notice of sale in the newspaper that had been preserved, that said notice recited a judgment against the owner of the land, and that they accordingly drew up the corrected deed in harmony therewith—there being no proof to the contrary. The presumption of law is that, in the absence of positive evidence to the contrary, public officers perform their duty in the manner directed by law.

2. ————: ————: ————: **Evidence: Notice of Sale.** When the records and files in a case are destroyed, the sheriff may rely upon his notice of sale in a newspaper which he has kept since the date of the sale, in making an amended deed to correct an error in his original deed.

3. ————: ————: ————: **Order of Court.** An ex-sheriff is not required to obtain an order of court before he can make a legal amended deed to land which he sold while in office. In making such corrected or amended deed he proceeds under authority derived from the common law to complete and make effective acts which he began or attempted to perform while in office.

4. ————: ————: ————: **No Change in Condition.** Even where no proper deed was made in pursuance of the tax sale, the owner of the land, made a defendant in the tax suit, and his heirs after his death are required to take notice of the tax suit and sale; and where they have made no improvements or expended any money on the land, and the grantees of the purchaser at the tax sale have taken possession by authority of that sale. they are entitled to a corrected deed from the ex-sheriff twenty-three years after the sale.

5. ———: No Money Paid: Contradictory of Petition. Defendants are not required to prove allegations admitted by the petition to be true. So that where plaintiffs allege in their petition that the sheriff sold the land in suit at a tax sale for $62.50, defendants are not required to rebut the testimony of the grantee named in the tax deed to the effect that he paid nothing whatever for the land, that the sheriff made him a present of the deed, in consideration of the fact that he bid off a number of other tracts for the sheriff.

6. ———: ———: Relative Value of Testimony of Sheriff and Grantee. The testimony of the sheriff that he received the amount bid by the purchaser at the tax sale is entitled to more weight than that of said grantee that he paid nothing for the land and the sheriff made him a present of the deed, because the presumption of law is that the sheriff did his duty, and did not give away land which it was his duty to sell—especially where there is no complaint that the sheriff failed to account for the amount bid by said purchaser.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. R. Brewer* for appellants.

(1) The ex-sheriff had power and authority to make said amended deed without any order of court at the time he did, under the facts in the case, and this amended deed related back to the day of sale. L. & L. Co. v. Franks, 156 Mo. 673; Porter v. Mariner, 50 Mo. 364; Bush v. White, 85 Mo. 339; Boyd v. Ellis, 107 Mo. 394. (2) The court erred in rejecting the old tax deed offered in evidence by the defendants for the reason the proof in this case shows that the amended sheriff's deed was predicated upon this old tax deed and the evidence that the tax judgment was against Albert Smith, the father of the plaintiffs.

*Faris & Oliver* for respondents.

(1) It will not be contended that a sheriff, either in or out of office, may not make a new sheriff's deed in correction of a former erroneous one, but it is

strenuously insisted that in so doing the sheriff and he who benefits thereby must act in a timely way. That there must be offered as a foundation for the correction, some record, papers, document, or other data bearing probative force, or else that there must be some testimony, which at least partially convinces the mind that the officer is not acting arbitrarily, without recollection, without memory. No case can be found in this, or any other State, where such a correction has been allowed without some foundation being laid therefor. (2) It is not here a pertinent question as to whether the sheriff had authority to make a corrected deed; the controlling question is: Did he have data, or memory, or recollection, upon which to base his alleged correction? If so, were these sufficient facts for this purpose shown to the court? And was the correction timely made? Ozark L. & L. Co. v. Franks, 156 Mo. 673; Porter v. Mariner, 50 Mo. 364; Bush v. White, 85 Mo. 339; Boyd v. Ellis, 107 Mo. 394. (3) No case has been found as to what constitutes a "timely application" for the correction of a deed. But in a case where a formal application to a court of record was deemed necessary —and wherein the sheriff did not as here come forward voluntarily—it was held that thirty years was too long a time. Ex parte Guenzler, 6 Mo. App. 96. Alexander v. Merry, 9 Mo. 515; Thornton v. Miskimmon, 48 Mo. 219; Ware v. Johnson, 55 Mo. 503; Ware v. Johnson, 66 Mo. 667; Hovey v. Wait, 17 Pick. 196; Dollarhide v. Parks, 92 Mo. 185. (4) There is no proof in this record as to the condition of the judgment and as to the person or persons against whom the same was rendered. The original deed says it was "against the real estate hereinafter described." The amended deed says it was against Albert Smith. No word of testimony is offered as to which of these conflicting statements is true. No proof was offered as to the condition of the judgment. It was clearly

void and no deed could be predicated thereon, because no valid execution could be based thereon. Burr v. Mathers, 51 Mo. App. 470; Sanders v. Raines, 10 Mo. 770. This is also true of the execution. The old deed recites it as being directed against the "said above described real estate," while the amended deed says it was against Albert Smith. Which statement, in the absence of corroborating proof, is to be taken as true? Is the original deed, made shortly after the matters recited therein transpired, and while. the memory and recollection of the sheriff was good and fresh, to be taken as true, or is the amended deed's recitals, made under the circumstances shown, after the lapse of nearly twenty-three years, to be regarded as correct in the absence of any, the most remote, corroboration? The recitals (in either deed under discussion) are not prima facie evidence at common law. 3 Freeman on Executions, 329 (3 Ed.); Ozark L. & L. Co. v. Franks, 156 Mo. 688; Secs. 3216, 3217, 3218, R. S. 1899.

BROWN, J.—Action to recover possession of eighty acres of land in Pemiscot county; and also to set aside and cancel a sheriff's deed for delinquent taxes by which defendants hold said land.

It is admitted by the parties that one Albert Smith, who died in 1896, is the common source of title; and that part of his heirs are the plaintiffs herein. Defendants hold a deed from one of the heirs of said Albert Smith, purporting to convey to them an undivided one-tenth interest in the land in controversy; and said defendants claim the whole title to said property through a sheriff's sale for delinquent taxes.

On the fifth day of September, 1882, defendants' grantor purchased the land in dispute at a sheriff's sale for taxes, and received from Peter H. Scott, the then sheriff of Pemiscot county, a deed reciting that the purchaser had paid to said sheriff $62.50 for said

land. Said deed is regular in form and apparently sufficient to convey the land, except that it does not recite the name of the person against whom the tax judgment was rendered (the person whose title the sheriff attempted to convey), but in lieu thereof, simply recites that the judgment of the circuit court was ''against the real estate hereinafter described.''

Under this sheriff's deed, defendants entered into the actual possession of the land; whereupon, plaintiffs on May 11, 1904, instituted against them this suit, which, as originally filed, was an ordinary action of ejectment.

While this action was pending, defendants applied by petition to the circuit court of Pemiscot county for a writ of mandamus to compel Peter H. Scott, whose term of office as sheriff had expired, to make and deliver to the defendants a correct and proper deed; in which petition for mandamus, defendants alleged among other things that the original sheriff's deed made by said Peter H. Scott was defective and erroneous, in that it recited that the judgment of the circuit court upon which said deed is based, was rendered against the land in controversy, whereas in truth and fact said judgment was rendered against one Albert Smith, as the owner of said land; that execution issued on said judgment and that said execution, as well as the notice of sale, recited that said judgment was against said Albert Smith, as the owner of said property.

Before said mandamus proceeding was heard by the trial court, said Peter H. Scott, ex-sheriff as aforesaid, voluntarily made, acknowledged in open court and delivered to defendants an amended sheriff's deed purporting to convey to them the interest of said Albert Smith in the property in dispute.

Upon ascertaining that this amended sheriff's deed had been made, plaintiffs herein added another

235 Sup.—27

count to their petition in this action, alleging that the judgment upon which said amended sheriff's deed is based, was in fact rendered only against the land in controversy, and not against said Albert Smith; that said sheriff Scott sold all of said property (80 acres) in a lump for $60, when either forty thereof would if sold separately have brought the whole amount of the taxes due thereon, to-wit, the sum of $13.65; that said amended deed was made nearly twenty-three years after the sale upon which it is based, without notice to the plaintiffs in this action; and is not based upon any order of court requiring the same to be made, and praying that said amended deed be cancelled.

Defendants' answer admitted possession of the real estate, but denied all the other allegations of the petition.

At the trial the following admissions were made:

That in 1882 when the land in dispute was sold, the value thereof did not exceed the taxes and costs of selling same.

That the courthouse of Pemiscot county and the records therein were destroyed by fire December 2, 1882.

When defendants' amended sheriff's deed was offered in evidence, plaintiffs objected to it on the following grounds:

"That the same was made almost twenty-three years after the alleged tax sale and after the land purports to have been sold for taxes; for the further reason that there was at the time of making said deed, no data, records, papers, files or other records of any kind or sort then in existence upon which said alleged amended deed could be based; third, for the further reason that the land in question was not sold as the land of J. A. Smith, but that the suit and action under which the same were admitted to be sold, was against the real estate itself; fourth, that the sheriff has no right or authority after the lapse of twenty-three

years to make corrections in his deed or execute new deeds in lieu of void or defective ones. That the deed is irrelevant, immaterial and incompetent to prove any issues involved in this case."

Which objections were sustained; and defendants saved their exceptions.

Plaintiffs to prove the invalidity of the amended sheriffs' deed, introduced Peter H. Scott, the ex-sheriff, who made same. Scott testified that before selling the land for taxes in 1882 he advertised the same in the Gayoso *Democrat*, a newspaper, and that the amended sheriff's deed was made from the notice of sale as published and contained in said paper, the circuit court records and all papers in the case being then destroyed by fire. Said witness Scott further testified that he had preserved a copy of the newspaper containing his notice of sale of the land in dispute; but said newspaper was not produced at the trial; that he brought the tax suit as collector of the revenue of Pemiscot county, against the owner of the land and the land also, and after obtaining judgment, received an execution from the clerk and sold the land. The memory of said witness seemed hazy as to many points. According to his recollection he received but a small sum from the sale of the land, probably not enough to pay the taxes and costs; and he seemed to be in doubt as to who was the purchaser at the sale.

The plaintiffs also introduced as a witness one D. E. Green, who testified that he bid off the land in controversy at the tax sale, but did not pay anything for same; that he bid off a lot of other lands for Sheriff Scott, and that Scott made him a present of the land in dispute.

The defendants introduced the two attorneys who prepared the amended deed, and they testified that said deed followed the recitals of the notice of sale, as published in the newspaper; and a comparison of

the first sheriff's deed made by Scott and the amended deed, shows that the only change made was by the insertion in the amended deed of the name Albert Smith, whose interest said deed purports to convey.

The trial court made a special finding that there was not sufficient evidence to prove the tax judgment, through which said defendants claim, was rendered against the owner of the land in controversy; and that the evidence did not authorize the execution and delivery of the amended sheriff's deed; whereupon the court rendered judgment declaring said amended deed void, and awarding the plaintiffs the possession of an undivided nine-tenths of the land.

Defendants ask a reversal on account of the alleged error of the trial court in excluding the amended sheriff's deed, and in rendering judgment for the plaintiffs.

## OPINION.

The affirmance or reversal of the judgment below turns upon the validity or invalidity of the amended sheriff's deed offered in evidence by the defendants, which was by the trial court adjudged to be void.

After carefully reading and re-reading the record, we are convinced that ex-sheriff Scott was in possession of sufficient data upon which to make the amended sheriff's deed to defendants, even though at the time of making said deed he did not have a distinct recollection of all the facts recited in said deed. Scott says that in 1881 and 1882 while he was sheriff and ex-officio collector of Pemiscot county, he brought and prosecuted a suit to collect the taxes on the land in dispute, and many other similar suits for taxes due on other lands; "that he always brought suit against the land as well as the man" (the owner of the land). That at the request of the county court, he employed two competent lawyers to assist him with the suits, and in making deeds after the sales

took place. From this evidence, we are warranted in supposing that the tax suit upon which defendants' title rests was brought and prosecuted to judgment against the owner of the land, to foreclose the State's lien for taxes; and that the original files and records of the circuit court, if in existence, would show that said suit and judgment were in conformity with the law. There is always a presumption in the absence of positive evidence to the contrary, that public officers perform their duty in the manner directed by law. [State ex rel. v. Hawkins, 169 Mo. 615, l. c. 621; State ex rel. v. Andrae, 216 Mo. 617, l. c. 640.] The plaintiffs have not attempted to prove by any one that the pleadings, notices or court records under which the land was sold were irregular in any manner; but rely solely upon the bare recital in the original sheriff's deed to prove that the judgment was void because not rendered against the owner of the land, but merely against the land itself. That recital in the original sheriff's deed is overcome by the testimony of the ex-sheriff that he prosecuted the tax suit against the owner of the land as well as the land, and the testimony of attorneys Colins and Brewer to the effect that they saw the sheriff's notice of sale in the newspaper, and that said notice recited a judgment against Albert Smith as the owner of the land.

We see no valid reason why, when the records and files in a case are all destroyed, that the sheriff may not rely upon his notice of sale in a newspaper which he has kept since the date of the sale, in making an amended deed to correct an error in his original deed; particularly so, when, as in this case, the evidence shows no circumstance throwing suspicion upon the correctness of the notice of sale as so published. In the case of Dollarhide v. Parks, 92 Mo. 178, this court approved the action of a sheriff in relying in part upon his sale book for information upon which to make an amended sheriff's deed. The sheriff's sale book is not

a file or record in a case; and is certainly no better evidence upon which to base an amended sheriff's deed than the notice of sale. While the ex-sheriff seemed not to have a clear recollection as to the accuracy of some other recitals in the original sheriff's deed, he was positive that said deed was made while he had the execution and other records and files in the tax suit to refer to; and we think the original sheriff's deed so made, with the sheriff's notice of sale, furnished all the data that was necessary upon which to base the amended deed.

Plaintiffs' main objection to the amended sheriff's deed is that it was not made under an order of court and was not made timely; that it was invalid because made nearly twenty-three years after the tax sale took place. To the first of these propositions, we will say that an ex-sheriff is not required to obtain an order of court before he makes an amended deed to land which he has sold while in office. In making such amended deed, he proceeds under authority derived from the common law, to complete and make effective acts which he began or attempted to perform while in office. [Ozark Land and Lumber Company v. Franks, 156 Mo. 673, 1. c. 689.]

No sufficient reason has been shown in this case why Ex-Sheriff Scott should not have made the amended deed twenty-three years after the sale on which said deed is based. The plaintiffs are heirs of Smith, who owned the land at the time of the tax sale; and they have not shown that they improved the land or expended any money on it in any manner. The law required them to take notice of the tax suit and sale of their father's land, even though no proper deed was made in pursuance of such sale. [Fleckenstein v. Baxter, 114 Mo. 493.] The defendants, as disclosed by the record, have taken possession of the land by authority of the tax sale, and were clearly entitled to the amended deed.

We have not overlooked the ingenuous and forceful oral argument of plaintiffs' learned counsel, to the effect that the sheriff's amended deed should be held invalid because the sale by Sheriff Scott was a mere sham and that nothing was paid for the land by the purchaser at said sale. It is true one Green, who obtained the original and incorrect sheriff's deed, testified that he paid nothing whatever for the land; that Sheriff Scott made him a present of the property; but this somewhat improbable evidence does not overcome the allegation in plaintiffs' petition that Sheriff Scott sold the land in dispute for $62.50. We do not think defendants were called upon to rebut Green's evidence, because a party to a suit is relieved of the burden of proving such facts as his adversary in his pleadings admits. [McKenzie v. United Railways Co., 216 Mo. 1, l. c. 19.]

Even if the consideration for the sheriff's deed had not been admitted by plaintiffs in their petition, the evidence of witness Green is not sufficient to outweigh the evidence of Ex-Sheriff Scott, to the effect that he did receive a consideration for the land. Scott's evidence is entitled to more weight than Green's, because of the presumption of law that he did his duty as sheriff, and did not give away land which it was his duty to sell.

Plaintiffs in their petition prayed to have the sale set aside, because the sheriff received too much money for the land; that he ought not to have sold more than forty acres; but instead, sold the whole tract, and received $60, when only $13.65 taxes were due. This allegation makes us feel inclined to disregard plaintiffs' demand, made for the first time on appeal, that the deed be set aside because the sheriff received nothing for the property at the sale. Green, who bid off the land at the tax sale, testified that he received a valuable consideration when he sold it to

the parties under whom defendants claim title, and there is no complaint that the sheriff failed to account for the amount bid by Green. Under this condition of affairs, we are justified in assuming either that Green is mistaken about not having paid anything for the land, or that the sheriff himself paid Green's bid, and accounted for the same; and in either event, the sale should be upheld.

The defendants' amended sheriff's deed is sustained by the evidence, and being invulnerable to all attacks contained in the petition of plaintiffs and in their objections to said deed when it was offered in evidence, we must hold that it passed a valid title to defendants. We therefore reverse the judgment of the trial court and direct it to enter a judgment for defendants.

*Kennish, P. J.,* and *Ferriss, J.,* concur.