**Earsel Larry JOHNSON, Petitioner,**

**v.**

**Edward E. HAYNES, Respondent.**

**No. KCD 26752.**

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1973.

Howard L. McFadden, 19th Judicial Circuit Public Defender, Jefferson City, for petitioner.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

DIXON, Chief Judge.

On a verified petition which alleged that petitioner had fully served a sentence imposed on him and was, therefore, entitled to immediate release, we issued our writ of habeas corpus. We now conclude that on the entire record, the writ was improvidently issued and should be quashed.

This court has accumulated a gargantuan file of correspondence from the petitioner, the public defender, and the Attorney General's office, but the pleadings of both petitioner and of the State are inadequate for the necessity of the case.

Shorn of the confusion engendered by the pleadings, relatively simple facts emerge. Petitioner was convicted by a jury of assault with intent to do great bodily harm on October 23, 1969 and received a sentence of five years. On December 12, 1969, a motion for new trial was overruled and judgment entered on the jury verdict,

Petitioner appealed; and on January 11, 1971, the judgment was affirmed by the Supreme Court. Petitioner was received by the Department of Corrections on January 18, 1971. No pleading, from which the facts must be drawn, delineates where petitioner was during the period from December 12, 1969 to January 18, 1971. Inexplicably, the State did not include in its return to our writ the facts thus far detailed, but left the court to its own devices in compiling the facts from the record and petitioner's pleading. Despite the voluminous correspondence which contains information indicating that petitioner's whereabouts were known to the authorities, no one has seen fit to plead the factual background.

■ Petitioner's argument is that his "sentence commenced" on December 12, 1969. He claims he was then in "custody" and, thus, has served his sentence and is entitled to discharge. He relies on the judgment for both the fact of commencement of sentence and his custody, claiming that the recitals to that effect in the judgment are binding.

■ The premise of this argument fails, since the circuit court had no power to "commence" the sentence and the recital thereof was surplusage. The courts of this State have repeatedly held that the commencement of a sentence is by operation of law. A circuit court has no power to fix a date for the commencement of a sentence. If such a date is fixed, it is surplusage. Higlin v. Kaiser, 352 Mo. 796, 797, 179 S. W.2d 471, 472 (banc 1944); State v. Amsden, 299 S.W.2d 498 (Mo.1957); State v. Hicks, 376 S.W.2d 160 (Mo.1964); State v. Testerman, 408 S.W.2d 90 (Mo.1966). The Department of Corrections may ignore the erroneous and improper statement and commence the sentence when the petitioner is actually received. State v. Trevino, 428 S.W.2d 552 (Mo.1968).

It is thus apparent that the sentence of five years having commenced January 18, 1971, has not been served unless, as the petitioner claims, the time spent in "custody" since the date of judgment is a part of the "time" to which he is entitled. Plainly, if petitioner was in fact in "custody" after December 12, 1969, he would be entitled to credit upon his sentence under Section 546.615 RSMo 1969, V.A.M.S. Prior to its amendment in 1971, this statute provided for the exercise of judicial discretion in giving credit for jail time awaiting trial or after conviction and before judgment and sentence.

Subsequent to judgment, no such discretion existed, and the time confined awaiting transport to the penitentiary was allowed as credit against the sentence to be served. The statute as amended provides for mandatory credit for all periods of confinement, but with that amendment, we are not concerned, since it has been judicially determined that the amended statute has no effect on judgments entered prior to September 28, 1971, the effective date of Section 546.615 as amended in 1971. State v. Whiteaker, 499 S.W.2d 412 (Mo. 1973). (Opinion of Division 1 filed September 10, 1973, in cause No. 56702, and not yet officially reported).

■ Petitioner urges that since the judgment recites he was in custody that a presumption arises that the custody continued until he was received at the Department of Corrections.

■ We will not indulge in a presumption that would require us to find that the Sheriff disobeyed his plain duty to transport the prisoner without delay to the penitentiary under the provisions of Section 546.610 RSMo 1969, V.A.M.S. Petitioner provides no authority to support a presumption of such continued custody. In fact, a contrary presumption arises from Section 546.610. This because it has long been settled law that there is a presumption of right action by officers charged by statute with a mandatory duty. Absent evidence to the contrary, a presumption

arises that the statute's enjoinder has been fulfilled. Elrod v. Carroll, 202 S.W. 4, 5 (Mo.1918); Smith v. Vickery, 235 Mo. 413, 421, 138 S.W. 502, 504 (Mo.1911); De Paige v. Douglas, 234 Mo. 78, 85–86, 136 S.W. 345, 347 (Mo.1911); Conner v. Herd, 452 S.W.2d 272, 275–276 (Mo.App.1970); Glaze v. Glaze, 311 S.W.2d 575, 576 (Mo. App.1958). Under that presumption firmly and properly established in our law, we will not presume that the Sheriff, in disobedience to the plain duty imposed on him by Section 546.610, kept the prisoner in the county jail for over a year.

The only conceivable reason for such a delay would be the release of the petitioner on bond. On oral argument, counsel conceded petitioner had, in fact, been released on bond.

We note that this cause could have been disposed of by order after appropriate return to the writ. Counsel urged in argument that we alter our procedure and investigate the facts prior to the issuance of our writ. We have neither the time nor the personnel to undertake "investigations" on petitions for writs of habeas corpus. The writ will issue when a verified petition states a cause of action for the writ.

The statute and rules then require that the respondent custodian plead to the writ, setting forth the legal authority and factual basis for his custody. Where, as here, petitioner pleads a non-existent custody, based on a presumption, it would have been simplicity itself to have pleaded factually the petitioner's release on bond. After such pleading, the petitioner would have to traverse those factual allegations and run the risk of perjurious pleading to raise a false issue of fact. The duty of investigating the facts and preparing a proper return are the responsibility of the attorney for the respondent, and not of this court. Proper investigation and pleading will save time for all concerned.

The exact period of this release is not shown, but it is easily determined from the records; and we apprehend that the De-

partment of Corrections will follow the admonition of the statute and grant the petitioner any properly attributable credit for any time spent in jail awaiting transport to the penitentiary after the judgment was entered.

We, therefore, quash our writ of habeas corpus.

All concur.