John J. Hunter, Appellant, *v.* Samuel T. Miller *et al.*, Respondents.

| 36 | 143 |
| 145 | 620 |

| 36 | 143 |
| 102a | 2164 |

1. *Practice—Instructions.*—In chancery cases, it is not necessary to present the questions of law arising on the case by instructions.
2. *Practice—Error.*—Where the judgment is manifestly for the right party, the judgment will not be reversed for errors not affecting the merits of the case.

*Appeal from Gentry Circuit Court.*

*Ensworth,* for appellant.

*H. M. & A. H. Vories,* for respondents.

Lovelace, Judge, delivered the opinion of the court.

This is an action brought by John J. Hunter, the plaintiff,

to set aside a deed executed by Samuel T. Miller to William R. Miller, upon the ground that the deed was made to defraud the creditors of Samuel T. Miller. The petition charges that the defendant Samuel T. Miller, being in failing circumstances, fraudulently combined and confederated with the defendant William R. Miller to cheat and defraud the creditors of Samuel T. Miller of their lawful actions, debts and demands, and for that purpose did agree that the defendant Samuel T. Miller should convey all his land to the defendant William R. Miller upon and for an assumed and fictitious consideration ; and that the defendant William Miller should receive the legal title thereto, with the secret understanding that it should be for the use and benefit of the defendant Samuel T. Miller ; and in pursuance of said agreement, the said Samuel T. Miller did convey his real estate to the said William R. Miller ; that the consideration recited in said deed is one thousand dollars, and the receipt of said sum acknowledged to have been received by said Samuel.T. Miller.

The petition further states that on the 15th day of March, 1860, one John B. Duncan recovered a judgment in the Circuit Court of the county of Gentry, in the State of Missouri, against the defendant Samuel T. Miller, for the sum of four hundred and fourteen dollars and twenty-five cents for his debts and damages, and also for his costs of suit amounting to the sum of eighty-six dollars and forty cents, upon which judgment and execution issued on the 20th day of July, 1860, directed to the sheriff of the county of Gentry, for the amount of the costs of said suit ; and upon the 21st day of July, the sheriff levied said execution upon the real estate described in said petition as the property of the defendant Samuel T. Miller, and in due form of law advertised and sold the same on the 18th day of September, 1860, to one H. B. Make, for the price and sum of fifty-eight dollars, and received a sheriff's deed therefor ; that on the 28th of November, 1860, the said H. B. Make conveyed said land to plaintiff by deed duly acknowledged. The petition then

charges that the deed made by Samuel T. Miller to William R. Miller was made for the purpose of hindering, delaying and defrauding the creditors of Samuel T. Miller; and that the defendant William R. Miller received the legal title to said land with full knowledge of said fraudulent intent, and without having paid any valuable consideration therefor. The petition closes by reviewing the plaintiff's chain of title, and praying that the deed from Samuel T. Miller to William R. Miller be set aside and held for naught.

The answer of the defendants denies all allegations of fraud contained in the bill, and alleges that the deed from Samuel T. Miller to William R. Miller was executed for a valuable and sufficient consideration. The answer also charges that the defendant Samuel T. Miller retained in his possession and in his name sufficient land to pay all the debts he owed. It also charges that the Duncan judgment, under which the plaintiff claims, had been compromised and settled by said Duncan and Samuel T. Miller prior to issuing execution thereon.

On the trial of the cause the plaintiff introduced the execution in favor of Duncan and against Samuel T. Miller, which recites, " that John B. Duncan on the 15th day of March, 1860, at our Gentry court, hath recovered against Samuel Miller a judgment for debt which to the said John B. Duncan was adjudged, together with the costs of said suit in that behalf expended. (which said costs will fully appear endorsed hereon as set out in the fee book in my office). These are therefore to command you," &c., closing in the usual form and attested by the clerk of the Gentry Circuit Court. This execution was put in the hands of Thomas Kier, sheriff of Gentry county, on the 21st day of July, 1860, who endorsed on the back of the execution a levy of the real estate in question, and on the 10th day of August, 1860, it passed into the hands of G. W. Burch, successor to Thomas Kier, who proceeded to advertise and sell the land, and executed a deed to Make. The deed was then introduced by the plaintiff, and recites the execution and

levy as though it was all done by Burch. The plaintiff then introduced the deed from Make and wife to himself.

The plaintiff, to support his allegations of fraud, introced the evidence of H. M. Park, who testified that he took the acknowledgment of the deed from Samuel T. Miller to William R. Miller; that Samuel T. Miller, at the time he acknowledged said deed, said that he intended that William R. Miller (his son) should have a part of the land he was deeding to him, but did not designate what part, and that he was conveying the rest to him so that he might sell it all together, for he wanted to sell it all; that there was no money passed between the parties in his presence. Another witness said that Samuel T. Miller asked witness to send him a buyer for the land, that he wanted to sell it; and another testified that William R. Miller said, about the time of the rendition of the Duncan judgment, that Duncan would get nothing, for his father had sold all his lands to him. Plaintiff proved by a witness, William Garrison, that he bought Miller's interest in a mill and agreed to pay some of Miller's creditors as part payment for the mill, and specifies several creditors which he did pay, and said that Duncan was the only one he knew of whose claim was not paid. The plaintiff also offered to prove that Samuel T. Miller, in compromising a suit against himself and William R. Miller, had attended to the same alone, making all the arrangements and agreements in relation thereto, and paid the amount agreed to be paid, himself, in said settlement, and directed the deed to be made to William R. Miller.

This evidence was objected to by the defendant and excluded by the court. The plaintiff here closed his case, and the defendant introduced an agreement between Samuel T. Miller and John B. Duncan, agreeing to compromise the Duncan judgment by conveying to Duncan certain lands lying in Harrison county, and Duncan agreed to release his judgment for the debt and pay one-half of the costs of the suit. Daniel R. Miller, a son of Samuel T. Miller, was then introduced, and proved that his father owned considerable land in

Gentry and Andrew counties, and that he owned a considerable amount of personal property, and that his father, over and above his debts, was worth some two thousand dollars. The defendant then introduced a deed to certain real estate, and introduced some other evidence as to his personal property, and closed his case.

The cause was then submitted to the court, who found for the defendant; to reverse which it is brought here by appeal.

In the course of the trial several instructions, or declarations of law, were asked by both parties, some of which were given and some refused, and the principal complaint made by the plaintiff is on account of the improper declaration of law laid down by the court. In chancery cases it is unnecessary for the court to give any instructions; nor is it the practice of this court to specially review instructions in this class of cases, where the facts were submitted to the court; but if it turns out upon a general review of the whole case that the judgment is clearly for the right party, it will be affirmed, although some mistakes may have been made in declaring the law. The sixth instruction in the series given at the request of the defendant is certainly erroneous; it declares, in substance, that the deed and execution under which the plaintiff claims are void. I do not know that I exactly understand the objection made to them. The execution, it is true, fails to give the amount of the debts recovered in the judgment; but it is only intended as an execution for costs, and it refers to the judgment with sufficient precision so that no person can be mistaken about the judgment it is issued on, and seems otherwise substantially to comply with the law.

And it is still more difficult to see the objections to the deed; it contains all the recitals that the statutes require, and indeed more, for it recites a levy made by the sheriff upon the real estate, which was unnecessary. And herein is perhaps the objection which the court below had to the deed, for it is recited in the deed that the sheriff, Burch, levied upon the real estate; while the execution shows that

the sheriff, Kier, endorsed the levy upon the execution. It is not deemed that the variance would invalidate the deed even had the recital been material, but it surely could not affect it when the recital in the deed was mere surplusage that might be entirely omitted without injury.

It was error in the court to give the instruction spoken of; but, notwithstanding this, it appears, from an examination of the whole case, that the judgment was manifestly for the right party. The deed from Miller to his son is a specialty, and imports a consideration, and there is very little evidence tending to impeach the consideration; while the evidence on the part of the defendant shows that he had more than property enough to pay all his debts, independent of the land in question, and that he did pay his debts. Indeed there is evidence tending very strongly to show that the Duncan judgment, under which the plaintiff claims, had been paid prior to the issuing of the execution. The execution is only for costs, and that the costs are unpaid is perhaps partly owing to the negligence of Duncan; for it requires no great stretch of the imagination to see that, if the debt had not been paid, the execution would have been for the debt as well as costs; and if the debt was settled by virtue of Duncan and Miller's agreement, Duncan ought to have paid his half of the costs. It would be a great hardship when a man is striving to pay his debts, and is paying them as fast as he can, to set aside his deeds which he has perhaps made for the purpose of raising money to pay his debts, because he has left the costs of a suit unpaid which he had reason to believe would be paid, in part, by another.

The decree is manifestly for the right party, and, the other judges concurring, the judgment will be affirmed.