WESTERN *et al.* v. FLANAGAN *et al.*, *Appellants.*

Division One, February 5, 1894.

1. **Practice:** OBJECTIONS TO EVIDENCE: WAIVER. Where an objection to the admission of a deed in evidence might have been obviated, had it been specifically made at the time, such objection will not be reviewed on appeal.

2. **Land Submerged:** ADVERSE POSSESSION: LIMITATION. Where land held adversely was submerged for years so that the occupant was forced to abandon the possession, the time during which it was thus submerged can not be counted in favor of either the holder of the legal title or the person occupying adversely.

3. **Tax Deed:** DESCRIPTION. A description of land in a tax deed as "two acres in the northwest quarter of section 6, township 49, range 33, the property of H. L.," is fatally defective.

4. ———: RECITALS. A tax deed should contain recitals showing a compliance with the law in the levy and sale.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Teasdale, Ingraham & Cowherd* for appellants.

(1) Whether the tax deeds were or were not sufficient to pass the title, no exception was saved to the action of the trial court in admitting them, and they

are in the record as properly as if all the preliminary proof had been made. *Margrave v. Ausmuss*, 51 Mo. 561; *Parsons v. Railroad*, 94 Mo. 292. (2) Where the occupant is compelled to leave the premises by the act of God or the public enemy, or by the illegal act of the true owner, the continuity of the statute is not broken. The assertion of text writers that any break in the possession arrests the running of the statute, is based upon cases where there was a voluntary leaving. If it was involuntary the statute is not arrested. *Hamilton v. Boggess*, 63 Mo. 233; *Clark v. Potter*, 32 Ohio St. 63; *Fugate v. Pierce*, 49 Mo. 441; *La Frambois v. Jackson*, 8 Cow. 615; *McColgan v. Longford*, 6 Lea (Tenn.), 108; *Smith v. Larrilord*, 10 Johns. 338; *Ferguson v. Bartholomew*, 67 Mo. 212. (3) Respondents are presumed to have known of the adverse claim of appellants. *Dausch v. Crane*, 109 Mo. 337. (4) The deed from Lucas to Grider was improperly admitted. Without it respondent had no title. *Geary v. Kansas City*, 61 Mo. 378.

*H. M. Meriwether* for respondents.

(1) The contention that the acknowledgment of the deed from Hester Lucas to Western and Grider is bad, can not avail appellants. *First.* It had been of record for more than thirty years and respondents were claiming title under it. R. S. 1889, secs. 4864, 4865, 4869. *Totton v. James*, 55 Mo. 494; *Wilson v. Albert*, 89 Mo. 541. *Second.* Appellants made no specific objection to the deed when offered in evidence. *Clark v. Loan Co.*, 46 Mo. App. 248. (2) The tax deed under which appellants claim, is void for a number of reasons: *First.* There are a number of tracts sold in bulk for one sum without stating the amount of taxes due against each tract, and it also appears that the several

tracts belong to different persons.   For this reason the deed is absolutely void.   *Keene v. Barnes*, 29 Mo. 377; *Guffy v. O'Riley*, 88 Mo. 418.   *Second.*   The law required twenty days' public notice to be given for the sale of real estate for taxes, while the deed recites merely that the advertisement was made as required by law without stating the length of time.   This is not sufficient, hence the deed is void.   Acts, 1858 and 1859, sec. 28, p. 219; *Spurlock v. Allen*, 49 Mo. 178; *Spurlock v. Dougherty*, 81 Mo. 171; *Lange v. Fisher*, 49 Mo. 307.   *Third.*   The description contained in the deed is so indefinite as not to describe any land whatever, and certainly not the land in controversy; hence the deed is absolutely void.   *Lowe v. Ekey*, 82 Mo. 286.

BRACE, J.—This is an action of ejectment to recover two acres of land in Jackson county, described in the petition by metes and bounds.   The answer was a general denial.   The cause was tried by the court without a jury.   No declarations of law were made. The finding and judgment was for the plaintiff, and the defendant appeals.

It was agreed that Hester Lucas was the common source of title.   To show title, the plaintiffs introduced in evidence a deed from Hester Lucas dated May 2, 1857, acknowledged by her on the same day before the mayor of Kansas City, and duly recorded in said county on the twenty-second of May, 1857, conveying a tract of eleven acres of which the land in question is a part, to W. W. Western and B. C. Grider, and parol evidence showing that the plaintiffs are the heirs at law of the said Western and Grider, deceased.

The defendants, to show title, introduced in evidence a tax deed from the register of the City of Kansas, dated the twenty-second day of July, 1863, and recorded on the third day of August, 1863, purporting

to convey, among other lands, "two (2) acres in the northwest quarter of section six (6), township forty-nine (49), range thirty-three (33), the property of Hester Lucas" to Joseph P. Howe; a quit-claim deed dated the sixth day of September, 1865, from said Howe and wife to Edward Holloeldt for two acres of land by the same description, and parol evidence tending to prove that some of the defendants (under whom the other claims) are the heirs at law of the said Holloeldt, and that the said Holloeldt went into possession of the premises in 1862, or 1863, under a lease from Howe, and remained in possession thereof until the year 1868 or 1869, when the land, which was on the shore of the Missouri river, was washed out, and its possession abandoned by him. After remaining under water for some years the river receded, or filled in the soil upon the premises and it became again dry land.

In October, 1889, the plaintiffs, by their agent, fenced in the whole of their eleven acre tract, within the boundaries of which was included the two acres in controversy. Afterwards the defendants, by their agents, entered upon the land and fenced in the two acres in controversy within the plaintiff's fence, and afterwards on the twenty-sixth of March, 1890, this suit was brought.

I. Counsel for appellant, at the close of their brief, say the deed from Lucas to Western and Grider was improperly admitted, and simply cite us to *Geary v. Kansas City*, 61 Mo. 378. From which we infer that they claim that the acknowledgment was defective because certified by the mayor under his private seal as in that case. They failed to call the attention of the court below to such defect by a specific objection, on the trial, when the consequences thereof might have been avoided, and they will not be permitted to avail themselves of it now on review of the action of that

court.

II.  To the introduction of the tax deed by the defendants, specific objections were made by the plaintiffs.  The court made no formal ruling upon these objections, but took the deed subject thereto and found for the plaintiff.  It is unnecessary to set out the objections in detail, or notice at length the provisions of the city charter in regard to the sale of land for delinquent taxes.  Two of the objections urged are fatal to the deed.  It does not contain a description of the premises sued for, and the recitals fail to show a compliance with the law in either levy or sale.

The plaintiffs were entitled to judgment in their favor upon the legal title shown, unless the defendants have acquired title by adverse possession; and this their counsel undertake to maintain upon the principle that an enforced absence will not break the continuity of possession, where possession has been resumed and continued for a period long enough to confer title. . It is not seen how the principle recognized in some of the authorities cited by counsel for defendants can help the defendants in this case.  Their ancestor had been in possession of ·the premises but six or seven years when he was compelled by the encroachments of the river to abandon it, and never after was he, or his heirs, in possession before the entry of plaintiffs under the legal title; nor did they ever thereafter exercise any dominion over it.  Now, when, more than twenty years afterwards, the land again emerged from the waters, and the heirs return to resume the possession of their ancestor, he being dead, what could they resume other than his inchoate title by possession just as he left it—what other or further right to the premises could they have by descent than to mature the former adverse possession of their ancestor into a legal title by continuing that possession for the period required by statute?

The doctrine of the authorities, as we understand them, is that, "according to the equity of the *jus post liminii* the law *revested* the possession in the heirs on the removal of the hostile force." *Smith v. Lorillard*, 10 Johnston, 338; *Clark v. Potter*, 32 Ohio St. 49; *Hamilton v. Boggess*, 63 Mo. 233. We can conceive of no equitable application of the doctrine that would enable the claimant to retake anything other, or more, than that of which he was despoiled, or of any doctrine by which the real owner of land in this state can be deprived of his property by any sort of possession short of an actual adverse possession for a period of ten years.

In this case the same casualty which deprived the defendant's ancestor of the power of holding this land *ex pede possessionis,* wiped out all evidence of an adverse holding against the plaintiff's title and deprived them of the power of entering upon the land and asserting their legal rights; and the time during which it was within the grasp of the common enemy can not be counted in favor of, or against, the rights of either.

The defendants having failed to show an actual possession of the premises for more than six or seven years in their ancestor before the plaintiff's entry under their legal title, the defense of adverse possession failed.

The grounds upon which the trial court found for the plaintiffs do not appear, and it is contended by counsel for defendants that the evidence failed to show that the land that Holloeldt was in possession of in the *sixties* was within the boundaries of the land sued for. This may be so, but as the judgment must be affirmed for the reasons stated it is unnecessary to rule upon this question of fact. The judgment is affirmed. All concur.