Tom Pruitt, Appellant, v. St. Johns Levee & Drainage District, Corn-Cotton Land Company, Edwards Land & Timber Company, Corporations, W. S. Edwards, E. F. Sharp, L. C. Phillips and R. F. Baynes.—106 S. W. (2d) 467.

Division Two, June 21, 1937.

*Ashby & Banta* for appellant.

*Edward F. Sharp* for respondent.

COOLEY, C.—This case, coming to the writer on reassignment, is an action to determine title to the north half of Section 9 and the north half of the southwest quarter of Section 10, in Township 23, North, Range 15, East, in New Madrid County. On change of venue it was tried in Mississippi County. The trial was to the court, a jury being waived. The court found and adjudged the title to be in Edwards Land and Timber Company. Plaintiff appealed.

In appellant's abstract of record numerous deeds and court proceedings in the chain of title are referred to as having been introduced in evidence but they are not set out in the bill of exceptions. As best we can gather from the abstract plaintiff's record title rests upon two conveyances, viz., a trustee's deed, dated October 5, 1925, made by the sheriff as trustee in foreclosure of a deed of trust, dated September 20, 1924, and recorded January 28, 1925, given by Frank K. Ashby, conveying "all his right, title and interest" in the lands in question; and a quitclaim deed from H. H. Cornwall, dated July 22, 1931.

As best we can gather from appellant's abstract Ashby did not have title *of record* when he gave the above-mentioned deed of trust, having previously conveyed to Edward G. Rolwing by warranty deed dated May 29, 1924, recorded May 30, 1924. Rolwing subsequently, by quitclaim deed dated September 29, 1926, conveyed to Corn-Cotton Land Company. The latter company is not shown to have conveyed, but it is a party defendant herein and by its answer disclaimed any interest or claim. There was some oral evidence at the trial relative to a lost deed, as to which more will be stated later. As to Cornwall's quitclaim deed to plaintiff, if the last of the three tax deeds presently to be mentioned is valid Cornwall had no interest to convey when he quitclaimed to plaintiff.

The principal contention on this appeal is as to the validity of three sheriff's deeds under judgments and executions for delinquent taxes due the St. Johns Levee & Drainage District, which for brevity we shall call the levee district. In those tax suits the levee district sued for delinquent taxes due it, naming as defendants the then record owners. There is no evidence that the officers or representatives of the district had knowledge or notice of any claim of title or interest in the lands involved not appearing of record. It is admitted that in each case the named defendants were duly served with process. There is no contention that the taxes sued for were not properly assessed and delinquent. In each case the levee district became the purchaser, for less than the amount of the delinquent taxes sued for. Its right thus to buy in the land is not here challenged. The title thus ac-

quired by the levee district subsequently passed to respondent Edwards Land & Timber Company by conveyances, the sufficiency of which is not controverted.

The three tax suits above referred to were numbered and will be referred to herein as Nos. 5203, 5204 and 5839. In none of these suits is there set out in appellant's abstract the pleadings, judgments or deeds. Appellant states what he conceives to be the substance and effect of the deeds. Respondent, by additional abstract, has supplied us with copies of the sheriff's deeds in question, which, not being disputed, we take as correct. We will state further facts and appellant's contentions as to why these deeds are invalid in connection with the disposition of those contentions, also, in the course of the opinion, such further facts as may be necessary in disposing of points made.

    ■ I. In suit No. 5203 the deed purports to convey "Tract No. 1, 14 acres, NE ¼ of SW ¼, Sec'n 10, Tw'p 23, R'nge 15; tract No. 2, 14 acres, NW ¼ of SW ¼, Sec'n 10, Tw'p 23, R'ng 15." [No point is made as to the use of abbreviations and figures instead of writing out in full the description of forty-acre tracts. This applies also to descriptions in the other two sheriff's deeds.]

Appellant's contention as to this deed is that it is void for uncertainty because each tract sought to be conveyed is therein described as *fourteen* acres instead of *forty* acres.

Appellant cites: Western v. Flanagan et al., 120 Mo. 61, 25 S. W. 531, wherein it is held that a description in a tax deed as "two acres *in* the northeast quarter" etc. (italics ours) is fatally defective (Syl. 3), the court saying in the opinion, 120 Mo. l. c. 65, 25 S. W. 531, "It (the deed) does not contain a description of the premises sued for," with no further discussion of that point; McCormick v. Parsons et al., 195 Mo. 91, 92 S. W. 1162, wherein the holder of a note secured by a deed of trust had agreed to release, upon each of certain payments being made, "one acre of the tract," (not otherwise described) securing the note, and the release clause was held void for uncertainty, the particular acre to be released not being described or capable of ascertainment; Sligo Furnace Co. v. Kieffer (Mo.), 229 S. W. 188, holding insufficient an order of publication describing the land to be affected as "the east part" (no quantity designated) of a certain described eighty-acre tract. Other cases are cited holding, on facts not here analogous, that where the descriptions in question were so vague and indefinite that the land to be conveyed could not be located or identified such description was insufficient.

The general rule above referred to may be conceded. But there is another rule to be kept in mind, which we think applicable here. It is thus stated in Porter v. Robinson (Mo.), 29 S. W. (2d) 133, 135:

"In a deed conveying land described by governmental subdivisions, such description will prevail over an erroneous description of quantity

if such description of quantity is inconsistent with the government subdivision. [2 Devlin on Deeds (3 Ed.), sec. 1044, p. 2027.]"

The court further said, 29 S. W. (2d) l. c. 135:

"Where parts of a description in a deed are inconsistent with each other, effect is to be given to the intelligible portion, and that which is repugnant to the intelligible portion is rejected. [2 Devlin on Deeds, sec. 1039, p. 1040.]"

In said Porter case the tax deed and proceedings described the land affected as "40 acres Und. ½ E. 2 S.W." etc. It was contended that since said east half of the southwest quarter contained eighty acres the particular forty intended to be conveyed could not be located and that the deed was void for uncertainty. The contention was denied. See, also, Gray v. Temple, 35 Mo. 494, wherein the description was by metes and bounds and there was also named a definite quantity of land. The court said it was a settled rule of law "that known and fixed monuments will control courses and distances, and metes and bounds will include the land within them, though the quantity vary from that expressed in the deed, unless it can be gathered from the whole deed that it was clearly the intent of the grantor to give only a definite quantity."

In the instant case if, as shown by appellant's abstract, the description were "14 acres *in* NE ¼ of SW ¼" etc., the decision in Western v. Flanagan, supra, would be in point. But as shown by respondent's additional abstract the word "in" was not used in that connection. We rule this point against appellant.

II. As to case No. 5204 appellant asserts that the deed is void "for the reason that the order of publication described ten tracts of land, the deed shows ten tracts were sold, and the deed recites 'both of the above described tracts sold for cash,' when it is impossible to determine what tracts are meant by 'both tracts,' and for another reason, said deed was void because it recited a cash consideration, when . . . no cash consideration was paid."

This deed, after formal recitals, describes, as the lands against which the taxes sued for had been assessed, ten tracts of forty acres each, by governmental forty-acre subdivisions, stating also as to each forty-acre tract the year for which the tax was due and the amount due against each tract, and the amount of costs taxed in the case. Said ten tracts constitute all of the land here involved. The deed then proceeds with further customary recitals showing the issuance and levy of execution, advertisement, public sale, etc., and then recites: "And the St. Johns Levee and Drainage District of Missouri, a Corporation, being the highest bidder for the following described real estate, viz.: In New Madrid County, Missouri: All of the north half of Section Nine (9), and the north half of the southwest quarter of Section Ten (10), in Township Twenty-three (23),

North, Range Fifteen (15), East, both of the said above described tracts were stricken off and sold to the said St. Johns Levee and Drainage District of Missouri, a Corporation, for the sum bid therefor by it as above set forth.'' Then follows the conveying clause of the deed, conveying to said levee district ''all the above described real estate so stricken off and sold to it.''

In Davidson et al. v. Laclede Land & Improvement Co., 253 Mo. 223, 161 S. W. 686, the tax deed described three tracts of land, all in different sections, recited among other things that the Laclede Land & Improvement Company ''being the highest bidder for the following described real estate, viz.: (describing the three tracts) the *said last above described tract was* stricken off and sold . . .'' to said company. (Italics by the court.) It was held that the deed conveyed only the last described of the three tracts. For like holding on similar facts see Miller et al. v. Corpman et al., 301 Mo. 589, 257 S. W. 428, cited by appellant, and Sligo Furnace Co. v. Hogue et al. (Mo.), 229 S. W. 190; De Paige v. Douglas, 234 Mo. 78, 136 S. W. 345; Swift v. Buford, 280 Mo. 432, 217 S. W. 980.

We think the cases last above referred to are clearly distinguishable from the case before us. In the instant case the deed describes *as two tracts* the land bid in by the levee district, viz., the north half of Section 9 and the north half of the southwest quarter of Section 10, and immediately following that description of the land for which said district had bid the deed says ''*both* of said above described tracts'' were stricken off and sold to said bidder and in the conveying clause the land ''so stricken off and sold'' to the district was conveyed. Although in the first part of the deed ten forty-acre tracts are named in referring to the assessment of taxes, amounts due against each, etc., when it comes to reciting the bid received, the sale and conveyance, the land sold is described, as above stated, as two tracts. The language ''both of said above described tracts'' clearly refers to the land last therein above described as two tracts. We think there is no ambiguity or uncertainty in the deed and that appellant's said contention cannot be sustained.

Appellant's further contention that the deed is void because the sale was for cash and no cash was paid is likewise untenable. The evidence shows that the levee district paid to the sheriff all costs in the case and the sheriff properly disbursed that money. The taxes were owing to the levee district. Its bid was less than the amount due. If it had paid that money to the sheriff it would have been but to receive it back from him immediately, a useless ceremony. It does not appear that proper credits were not given as though the cash had been actually paid.

III. Suit No. 5839, filed December 31, 1934, covered all the lands here involved. In it were named as defendants, H. H. Cornwall, William Holloway, Frank K. Ashby, E. C. Webster and A. H.

Marshall,—all the persons who then appeared of record to have any interest, except perhaps, Edward G. Rolwing, who had received a deed from Ashby, dated May 29, 1924, recorded May 30, 1924, purporting to convey a half interest. By quitclaim deed dated August 29, 1926, Rolwing conveyed any interest he may have had or claimed to Corn-Cotton Land Company, a defendant herein, which by its answer disclaims any interest.

As to the sheriff's deed in said case No. 5839, appellant in his brief says it was void because: the order of publication is not dated; the sheriff's deed is not dated, and was not filed for record until a year after sale was made; and, in substance, that the deed described several tracts and then recited in the "granting clause" that "said last above tract was stricken off and sold." Appellant does not discuss this point further than to say that he thinks the deed void because several tracts are described and the deed then recites "the last above described tract was stricken off and sold." All the authorities cited bear upon this particular question. The other contentions referred to have apparently been abandoned. The order of publication is not abstracted and is not before us. We, of course, cannot accept the mere statement in appellant's brief that it was not dated, nor consider the possible effect thereof if such be the fact.

Appellant's abstract does not set out the original sheriff's deed. It merely says the deed described "land in Section ten . . . and then says 'and the northwest quarter of Section nine . . .' and then recites, 'and said last above described tract was stricken off and sold.'" If that were all that appeared the question presented would be serious. See discussion and authorities cited in paragraph II hereof. But by respondents' additional abstract it is shown that, before judgment, respondents were permitted to and did introduce in evidence a corrected deed made by the (then ex-) sheriff who had made the original deed. There is ample authority for such procedure, when the facts warrant it. [See Ozark Land & Lumber Company v. Franks et al., 156 Mo. 673, 57 S. W. 540; Smith v. Vickery, 235 Mo. 413, 138 S. W. 502; Butler v. Imhoff, 238 Mo. 584, 142 S. W. 287; Griffin v. Franklin, 224 Mo. 667, 123 S. W. 1092; Brannock v. McHenry, 252 Mo. 1, 10-11, 158 S. W. 385.] Appellant makes no point as to the admissibility of said corrected deed or as to the ex-sheriff's authority to make it. It describes all of the lands here involved and after appropriate recitals as to the judgment, execution, levy, advertisement, etc., shows a sale of all of said real estate (describing it) to the levee district and a conveyance to it of "all the above described real estate so stricken off and sold to it." (Italics ours.) Appellant makes no point as to the sufficiency of said corrected deed, which on its face is sufficient to convey all of the lands involved herein. His brief ignores it. He seemingly briefed the case on the theory that *his* abstract of the record set out all the

pertinent facts relative to said case No. 5839,—an erroneous assumption in view of respondents' additional abstract. Further discussion of appellant's contention relative to the deed in said case No. 5839 is unnecessary. This point is ruled against appellant.

IV. Appellant in his brief makes the point that "The court erred in ignoring the testimony of Frank K. Ashby that he was the owner in fee simple of a one-half interest in said lands and that the Corn-Cotton Land Company was merely a straw party holding title for him, and that he had been given a deed by the Corn-Cotton Land Company, which deed had been lost or destroyed, and did not show in the record title."

Mr. Ashby's testimony on this point is not very clear. He testified that at about the time he conveyed to Rolwing, May 29, 1924, Rolwing and his wife "separated and had a settlement" and deeded all their property, "to get it out of her name, to the Corn-Cotton Land Company. Later Mr. Rolwing gave a deed to this property to John G. Kilbanker, who was our straw man, and we took back a mortgage from him, and Mr. Kilbanker gave me back a deed to this property. Mr. Rolwing and his wife gave this deed to Corn-Cotton and later we got a denial from Corn-Cotton that they had any interest in it and that it was mine and I owned it." On cross-examination he said he was not an officer or stockholder of the Corn-Cotton Land Company nor managing its affairs; that it was "one of the corporations used by Mr. Rolwing in his real estate transactions. He placed a lot of titles to land in that corporation; you couldn't tell with any certainty where those titles might be placed. We had a number of straw men too that we carried titles in."

None of the conveyances referred to by Mr. Ashby appear of record except Rolwing's deed to Corn-Cotton Land Company. Whatever interest that deed conveyed passed to the levee district by the tax deed in suit No. 5839. Moreover, Corn-Cotton Land Company disclaims any interest. Also, Ashby was a party defendant in that suit. He did not testify that he ever got a deed from the Corn-Cotton Land Company, only some sort of disclaimer, the date of which—whether before or after his deed of trust to Goodman—does not appear. The same is true as to the alleged deed to him from Kilbanker. His deed of trust to Goodman purported to convey only his then right, title and interest. It would not convey an after acquired interest. The trustee's deed to plaintiff, in foreclosure of that deed of trust, could convey no more than the deed of trust conveyed. Plaintiff, Pruitt, did not testify, nor did Rolwing or any officer or representative of Corn-Cotton Land Company. No explanation of the failure to call such witnesses was offered. If Corn-Cotton Land Company conveyed to anyone after Rolwing's conveyance to it, it would seem that the books of the corporation would contain some

record of such conveyance. They were not offered or referred to at the trial.

We cannot say from the record before us that the court *ignored* Mr. Ashby's testimony. It may have regarded said testimony, in view of all the circumstances, as not of sufficient probative value to justify a finding and judgment for plaintiff against the record title, which, on the record before us, appears to be in Edwards Land and Timber Company as the court adjudged. The judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.