Riley W. CARDIN, Plaintiff-Respondent,

v.

Junior Ollie KING, Defendant-Appellant.

No. 30699.

St. Louis Court of Appeals.
Missouri.

March 21, 1961.

Rehearing Denied April 17, 1961.

Oliver & Oliver, Stanley A. Grimm, Cape Girardeau, for defendant-appellant.

Lambaugh & Lambaugh, Stephen N. Lambaugh, Cape Girardeau, for plaintiff-respondent.

DOERNER, Commissioner.

This action for property damages arose out of a collision between two automobiles owned and driven by the respective parties. The cause was instituted in the Magistrate Court of Cape Girardeau County, where defendant had judgment for $120 on his counterclaim. Plaintiff appealed to the Court of Common Pleas of that County, where the case was tried before the court alone and judgment rendered in favor of plaintiff for $300, and against defendant on his counterclaim. The latter brings this appeal from that judgment.

The collision occurred in the 500 block of Aquamsi Street in the City of Cape Girardeau, on July 3, 1959, at about 7:00 a. m. That street runs generally north and south, parallel to the Mississippi River, and is the first street west of that stream. It is about 20 feet wide, paved with a bituminous surface, has no curbs on either side, and has no centerline marking to distinguish the division between the northbound and southbound lanes of traffic. At the place where the collision occurred a parking lot was located on the east side of Aquamsi Street, and on the west side was a hard dirt shoulder, five or six feet wide. There are railroad tracks to the east, which run parallel to the street. The weather was sunny and clear, and the street was dry.

Plaintiff, driving his 1955 Buick, drove southwardly on Aquamsi Street, on his way to work. Defendant, driving his 1955 Chevrolet, and accompanied by his young children, followed at a distance plaintiff testified was about 300 feet and defendant estimated was just under a hundred feet. Both were traveling at approximately 20 miles per hour. They proceeded in this manner until plaintiff neared the parking lot, when plaintiff glanced in his rear-view mirror and observed that defendant was still (as he estimated) about 300 feet in back of him. Plaintiff activated his turn indicator, pulled into the left hand or northbound lane, drove about 50 to 75 feet, and came to a stop. He shifted to reverse, and looking back over his left shoulder towards the parking lot, cut his wheels and started to back towards the east at a speed of about one to two miles per hour. His car had proceeded about three feet when the right front fender was

struck by the left front fender of defendant's car.

Defendant testified that as he followed plaintiff's car southwardly, at a distance of just under 100 feet, his children were looking at a train which was traveling in the same direction. He glanced at the train and when he looked back at the road he saw the plaintiff's car in the left hand lane, in the process of backing up. Defendant stated the intervening distance was then 50 feet, or perhaps a little under. He immediately applied his brakes. Defendant admitted that he did not attempt to swerve; that if he had been " * * * going out here to set a certain distance * * " he probably could have stopped his car within 50 feet; and that he was not a very good judge of distance.

The police were called, and took various measurements of the position of the cars, both of which had stopped almost immediately upon impact. Plaintiff's automobile was at an angle, facing somewhat southwestwardly, with the left rear bumper even with the east edge of the paving, and the right front bumper 6 inches west of the center of the street. The defendant's car was also at an angle, facing somewhat southeastwardly, with the right rear bumper one foot from the west edge of the road and the right front bumper 3 feet 10 inches from the west edge. Plaintiff's car was 6 feet 2 inches wide and the defendant's car an even 6 feet. The officers also observed and measured the skid marks made by defendant's car. Those from the front tires extended back a distance of 17 feet 6 inches and those from the rear tires, 12 feet.

In his petition plaintiff pleaded both primary and humanitarian negligence. Defendant states in his brief that " * * * In oral argument and in open court, however, plaintiff stated that he was relying on the humanitarian doctrine." Proceeding on the premise that the case was submitted only on that theory, the defendant maintains, first, that the humanitarian doctrine was not applicable; and second, that the evidence was not sufficient to make a case under that doctrine. Defendant does not refer us to any place in the transcript to support his assertion that the plaintiff stated that he was relying upon the humanitarian doctrine alone, and a careful search of the record has failed to locate such a statement. In his brief, plaintiff does not concede that it was made, nor that all other grounds of recovery were abandoned. In fact, the last point in plaintiff's brief is that the evidence was sufficient to support his allegations of primary negligence, and that the court was fully justified in finding in his favor on one or more of such grounds. No findings of fact were requested or given, and there is nothing in the record which indicates that the only basis of the court's decision was the humanitarian doctrine.

 As a general rule, an appellate court will not consider a matter dehors the record, Koch v. Board of Regents of Northwest Missouri State College, Mo. App., 265 S.W.2d 421, and it obviously may not accept or consider a statement of a fact which is neither supported by the record nor conceded by opposing counsel. Pruitt v. St. Johns Levee & Drainage District, 341 Mo. 120, 106 S.W.2d 467; Lubrication Engineers, Inc. v. Parkinson, Mo. App., 341 S.W.2d 876; Stewart v. Stewart, Mo.App., 277 S.W.2d 322. Since defendant's statement finds no support in the transcript, and the plaintiff takes the position that he did not abandon his allegations of primary negligence, we are not permitted to determine that plaintiff did so. Lubrication Engineers, Inc. v. Parkinson, supra.

 Defendant does not contend that the evidence was insufficient to show defendant guilty of primary negligence, and no claim is made that the court erred in deciding in favor of plaintiff on such grounds. On appeal, the presumption always is that the decision of the trial court was correct, and the burden is upon appel-

lant to affirmatively show error as a condition precedent to reversal. Morris v. Willis, Mo., 338 S.W.2d 777; State, to Use of Consolidated School District No. 42 of Scott County v. Powell, 359 Mo. 321, 221 S.W.2d 508. We may not set aside a judgment in a jury-waived case unless it is shown to be clearly erroneous. Rule 73.01(d), V.A.M.R. No such showing has been made in this case by the defendant.

The Commissioner therefore recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.